822 F.2d 854
 FLEXI-VAN LEASING, INC., a corporation, Plaintiff,
and
American Motorists Insurance Company, a corporation,
Plaintiff-Appellee,
v.
AETNA CASUALTY & SURETY COMPANY, a corporation, James P.
Reed, aka Jim Reed, dba Jim Reed Trucking, and
Robert Arthur Belanger, Defendants,
and
Terry L. Wollam, Personal Representative of the Estate of
Thomas E. Wollam, deceased, Marion D. Wollam,
Wesley G. Varney and Francis M. Bedell,
Defendants-Appellants.
 No. 86-3515.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 5, 1987.
Decided July 20, 1987.
 
 1
 Alan H. Johansen, Portland, Or., for plaintiff-appellee.
 
 
 2
 Ben Shafton, Vancouver, Wash., for defendants-appellants.
 
 
 3
 Appeal from the United States District Court for the District of oregon.
 
 
 4
 Before SNEED and HALL, Circuit Judges, and AGUILAR,* District Judge.
 
 AGUILAR, District Judge:
 
 5
 This appeal results from the district court's grant of summary judgment in a dispute over the provisions of an insurance contract. The major issue presented is whether the defendant judgment creditors can reach the insurance policy of the company that leased a trailer to an individual who negligently caused injuries in an automobile collision. We affirm the district court's grant of summary judgment.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 6
 The parties submitted the case on the following stipulated facts.
 
 
 7
 On 15 October 1980, Jim Reed, dba Jim Reed Trucking, leased a trailer from Gil Flex Rentals, a division of Flexi-Van Leasing, Inc. Reed's employee, Robert Belanger, picked up the trailer.
 
 
 8
 On 18 October 1980, Belanger was driving a tractor owned by Jim Reed and pulling the rented trailer. Belanger was acting within the course and scope of his employment when his vehicle collided with a vehicle driven by Thomas Wollam. Mr. Wollam died as a result of the collision. Marion Wollam also suffered various injuries in the collision.
 
 
 9
 Reed purchased liability insurance from Aetna Casualty & Surety Co. Flexi-Van purchased liability insurance from American Motorists Insurance Co. Aetna's policy limit was $750,000 and American Motorists' limit was $25,000.
 
 
 10
 In a lawsuit stemming from the accident, the appellants [hereafter collectively referred to as "the Wollams"] obtained a judgment against Reed and Belanger of $890,000 which exceeded Aetna's policy limit. The jury verdict exonerated Flexi-Van.
 
 
 11
 In this action for declaratory relief, the parties submitted cross motions for summary judgment on the issue of whether the Wollams may reach the American Motorists' policy to satisfy a portion of their judgment against Reed and Belanger. The district court granted the plaintiff American Motorists' motion for summary judgment and denied the defendant Wollams' motion, thereby finding that the Wollams could not reach the American Motorists policy to secure payment for a portion of their judgment against Reed and Belanger.
 
 
 12
 The Wollams appealed the district court's grant of summary judgment, and, on 12 August 1985, the Ninth Circuit reversed and remanded the district court decision for further consideration in light of a case which the parties had previously failed to bring before the district court, United Pacific Insurance Co. v. Truck Insurance Exchange, 273 Or. 283, 541 P.2d 448 (1975). On 12 December 1985, the district court, pursuant to the order of remand, and upon reconsideration reaffirmed its previous grant of summary judgment. This appeal results.
 
 II.
 STANDARD OF REVIEW
 
 13
 We review a grant of summary judgment de novo. Jackson Water Works, Inc. v. Public Utilities Commission of Cal., 793 F.2d 1090, 1092 (9th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1334, 94 L.Ed.2d 184 (1987). Summary judgment is proper only if there is no genuine issue of material fact and the moving party is entitled to prevail as a matter of law. Id. The parties submitted this case on stipulated facts. Therefore, resolution depends upon a de novo examination of questions of law. Id. The district court's interpretation and application of state law is entitled to no special deference and is reviewed de novo. Id.; Matter of McLinn, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc).
 
 III.
 DISCUSSION OF LAW
 A. Rules of construction
 
 14
 Initially this case confronts the court with the general rule that insurance contracts are to be construed liberally to afford coverage and against the insurer. O'Neill v. Standard Insurance Company, 276 Or. 357, 554 P.2d 997, 999 (1976). Appellees argue that the judgment creditors here are not entitled to the benefit of the liberal construction rule because they are not parties to the policy.
 
 
 15
 Under Oregon law, "the primary and governing rule of the construction of insurance contracts is to ascertain the intention of the parties." Totten v. New York Life Ins. Co., 298 Or. 765, 696 P.2d 1082, 1086 (1985). Furthermore, the liberal construction rule "must be considered in the light of other equally well established rules of construction, and, particularly, in the light of the primary rule [to ascertain the intent of the parties to the contract]. Its application must lead to a sound conclusion under all the facts and circumstances in issue." I-L Logging Co. v. Mfgrs. & Whlse. Ind. Exc., 202 Or. 277, 320, 273 P.2d 212, reh'g. denied, 275 P.2d 226 (1954).
 
 
 16
 Each party submits authority for its position on the applicability of the liberal construction rule in this case. However, we are convinced by our reasoning in Travelers Indem. Co. v. United States, 543 F.2d 71, 74 (9th Cir.1976), where we stated:
 
 
 17
 The general rule is the familiar one that an insurance policy must be construed most stongly against the insurer and reasonable doubt as to the meaning of the language of the policy must be resolved against the insurance company. [Citation omitted.] This rule, however, yields to the primary rule that policies of insurance, like other contracts, are to be construed so as to ascertain and declare the true intent of the parties. [Citations omitted.] Another maxim of interpretation applicable here is that a third party who is not a party to the contract is not usually entitled to a strict construction in his favor in determining whether the contract was made for his benefit. Milchem, Inc. v. M.A. Smith Well Service, Inc., 351 F.Supp. 1307 (E.D.La.1972).
 
 
 18
 It is clear in this case that Flexi-Van is the named insured. Reed and Belanger are not parties to the insurance contract at issue. When looking to determine whether we should construe the terms of the policy in favor of Reed and Belanger, Milchem provides us with guidance. That Louisiana district court case concerned a subrogation claim against a sub-lessee of certain mechanical equipment which was negligently destroyed during preparation for a hurricane. In that context the court stated:
 
 
 19
 The general rule that doubtful language contained in an insurance policy is to be construed in favor of the insured and against insurer ... operates only after insured has been determined and not in deciding whether a certain individual belongs to the insured class described in the policy, and a third person who is not a party to the contract of insurance usually is not entitled to a strict constuction in his favor in determining whether the contract was made for his benefit.
 
 
 20
 Id. at 1311, quoting 44 C.J.S. Insurance Sec. 308, at 1226.
 
 
 21
 The major contested issue is whether Reed and/or Belanger were insured under the policy. Under the above analysis, and for the purposes of determining the issue of whether they are insured, the appellants are not entitled to the general liberal construction given to insurance contracts.
 
 B. Analysis of the Insurance Policy
 
 22
 Reed and Belanger were permissive users of the Flexi-Van trailer and thus meet the terms of the initial "persons insured" clause of the policy. However, the policy further expressly provides:
 
 None of the following is an insured:
 
 23
 * * *
 
 
 24
 (ii) The owner or lessee (of whom the named insured is a sublessee) of a hired automobile or the owner of a non-owned automobile, or any agent or employee of any such owner or lessee ... [Hereinafter, this provision will be called the "non-owned automobile" provision.]
 
 
 25
 * * *
 
 
 26
 (iv) Any person or organization, other than the named insured, with respect to:
 
 
 27
 * * *
 
 
 28
 (2) A trailer while used with any motor vehicle owned or hired by such person or organization and not covered by like insurance in the company; [Hereinafter, this provision will be called the "trailer" provision.].
 
 1) The non-owned automobile provision
 
 29
 The terms of the policy do not provide coverage for non-owned automobiles, and it is clear that the tractor here constitutes a non-owned automobile for the purposes of this policy.
 
 
 30
 The appellants argue that the non-owned automobile provision does not apply for three reasons. First, appellants argue that the provision is ambiguous as to its extent. They claim that, by its terms, the provision would apply to any person who owned an automobile, including, for example, a Flexi-Van employee involved in an accident while driving a Flexi-Van vehicle in the course of his employment because he also owns his family car.
 
 
 31
 The court here should be guided by the intent of the parties. To determine that intent the court should give to words "their plain, ordinary and popular" meaning, and the court should not strain to create an ambiguity in order to assert coverage. Mortgage Bancorp v. New Hampshire Ins. Co., 67 Or.App. 261, 677 P.2d 726, 728, review denied, 297 Or. 339, 683 P.2d 1370 (1984). See also, Totten v. New York Life Ins. Co., 298 Or. 765, 696 P.2d 1082, 1086 (1985). The non-owned automobile provision here excludes from coverage persons who use their own automobile in conjunction with a Flexi-Van vehicle. Reed and Belanger fall literally within the terms of the provision, and the court should not strain the provision's language to remove them. The non-owned automobile provision is not ambiguous on its face, and there is no reason for the court to look beyond the terms of the contract itself.
 
 
 32
 Furthermore, other terms of the lease between Flexi-Van and Reed are relevant to determining the intent of the parties. Under the lease, Reed agreed to indemnify and hold harmless Flexi-Van for any liability arising out of the use of the trailer.[1] This indemnification clause indicates an intent of the parties to the lease agreement that Flexi-Van would not supply insurance coverage for Reed and his employees.
 
 
 33
 The appellants next argue that the provision only applies to situations where liability is predicated on the ownership of or some defect in a vehicle. They derive this argument from the holding of two cases: Ridgway v. Gulf Life Insurance Co., 578 F.2d 1026 (5th Cir.1978), and Federal Insurance Co. v. Allstate Insurance Co., 275 Md. 460, 341 A.2d 399 (1975). Each of those cases turns on the specific facts and insurance policies in question there. Neither of those cases stands for the general proposition of law that appellants assert. The asserted limitation of the non-ownership provision does not reflect current Oregon law.
 
 
 34
 Finally, they argue that the non-owned automobile provision is coterminous with and controlled by the more specific trailer provision. As noted by the district court in its order granting summary judgment, the non-ownership and trailer provisions are not coterminous. The district court correctly cites the example of an individual who rents a tractor from one source and rents the trailer from another. Under those circumstances, the provisions would not be coterminous. Both provisions can be read together to reach the intent of the parties. Accordingly, the non-owned automobile provision should be given effect.
 
 
 35
 Based on the above reasoning, the court gives effect to the non-owned automobile provision and finds that Reed and Belanger fit within that provision. According to the terms of the policy, therefore, Reed and Belanger are not insureds under the policy.
 
 
 36
 Accordingly, the plaintiff appellees are entitled to summary judgment on their declaratory judgment action and the decision of the district court should be affirmed on this ground alone.
 
 2) The trailer provision
 
 37
 Alternatively, the court will address the effect of the trailer provision. That provision excludes from coverage those persons, other than the named insured, with respect to a rented trailer while it is used with a motor vehicle owned by that person. Jim Reed falls squarely within the terms of this provision. Reed owns the tractor, and the tractor pulled the trailer rented from the named insured. The appellants argue, however, that the provision does not apply to Belanger because the language of the provision does not address employees.
 
 
 38
 The trailer provision explicitly addresses only the owner of the automobile; it is silent as to employees or other permitted users of an owned automobile. For that reason, we will look to determine the intent of the parties. The purpose of the trailer provision seems clearly to exclude from coverage those persons who pull a trailer leased from Flexi-Van with a tractor not leased from or owned by Flexi-Van. The appellants do not provide, and it is difficult to think of, any logical rationale for distinguishing between one who personally hires a trailer and one who works for that person. This construction is consistent with the indemnification clause that Flexi-Van and Reed agreed to in their lease agreement.
 
 
 39
 Accordingly, Reed and Belanger fit within the trailer provision, and are, therefore, not insureds under the contract.
 
 3) The amount of interest owed
 
 40
 We now examine the question of whether the appellants are entitled to any interest on a money judgment. The court concludes that it is appropriate to affirm the district court's grant of summary judgment for the plaintiffs in this declaratory relief action. Accordingly, the appellant is not entitled to recover any moneys from the plaintiff-appellee insurance company, and that insurance company owes no interest payments to the appellants whatsoever.
 
 IV.
 CONCLUSION
 
 41
 The district court correctly determined the true intent of the parties to the insurance contract. Reed and Belanger fit within two of the "None of the following is an insured" provisions, either one of which would exclude them from the policy.
 
 
 42
 AFFIRMED.
 
 
 
 *
 Honorable Robert P. Aguilar, United States District Judge, Northern District of California, sitting by designation
 
 
 [1]
 The lease agreement between Flexi-Van and Reed provides the following indemnification clauses:
 TERMS AND CONDITIONS
 
 
 [2]
 
 (c) Lessee does further, at its sole cost and expense, assume full responsibility for and does agree to defend and hold Lessor free and harmless against any and all liability ... arising out of the use, operation, maintenance, transportation, and possession of the Equipment by Lessee or any other person Lessee suffers or permits to use ... the Equipment.
 (d) Lessee agrees that it shall, ... at its sole expense, obtain and maintain Comprehensive Automobile and General Liability and property damage and fire and theft and collision insurance for the Equipment issued by an insurer satisfactory to Lessor, protecting and naming Lessor as an additional insured to protect Lessor against the aforementioned loss, liability and expenses ...
 
 
 [3]
 (b) It is further understood and agreed that in addition to the Collision Damage coverage and Fire and Theft Coverage which may be elected to be purchased by Lessee, Lessee shall be obligated to provide comprehensive liability insurance, included the coverage required pursuant to Paragraph 2(d) of this Lease Agreement
 The American Motorists policy provides in pertinent part as follows:
 II. Persons Insured
 Each of the following is an insured under this insurance to the extent set forth below:
 (c) Any other person while using an owned automobile or a hired automobile with the permission of the named insured, providing his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission ... (Parties' Joint Excerpt and Appendix (hereinafter cited as "Exc.") at 50).