**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**Raymond L. ROELFS; Evelyn H. Roelfs; Raymond E. Roelfs; and Connie Phillips, individually, and as parent of April Dawn McShane and Melodie Christine McShane, minors, Defendants.**

**No. A87–061 Civil.**

United States District Court, D. Alaska.

Aug. 14, 1987.

Douglas Davis, Bradbury, Bliss & Riordan, Anchorage, Alaska, for plaintiff.

Helen Simpson, Dan Dennis, Dennis, Kibby & Moss, Anchorage, Alaska, for defendants.

## OPINION AND ORDER

FITZGERALD, Chief Judge.

Allstate Insurance Company has brought a declaratory judgment action against Raymond L. Roelfs, Evelyn H. Roelfs, and Raymond E. Roelfs, their son, who have purchased an Allstate homeowners insurance policy, and against Connie Phillips, individually and as the parent of April McShane and Melodie McShane, two minor girls who were sexually molested by Raymond E. Roelfs. This court has diversity jurisdiction. 28 U.S.C. § 1332. Connie Phillips has filed a complaint in state court against the Roelfs on her own behalf and as representative of the two minors for damages stemming from the sexual molestation. · In her state court complaint, Phillips asserts claims for assault, battery, and punitive damages against Raymond E. Roelfs, and claims for negligence against his parents Raymond L. and Evelyn Roelfs. Allstate seeks summary judgment on its claims in this court that under the terms of the homeowners policy issued to the Roelfs it is not liable to defend or indemnify the Roelfs against any claims filed by Phillips in state court. Phillips in turn seeks summary judgment, claiming that Allstate provides coverage under its policy for the claims made against Roelfs in state court. I conclude Allstate's policy provides no coverage for Phillips' claims.

It is agreed by all parties that there remains no genuine dispute as to any material fact and that entry of summary judgment is appropriate. Resolution of these motions has been facilitated by the parties' stipulation, for purposes of summary judgment, that Raymond E. Roelfs "willfully and intentionally committed various acts of sexual assault and molestation against April Dawn McShane and Melodie Christine Mcshane, minors, without their consent." The record indicates that the McShane girls periodically stayed at the Roelfs' home and that on at least two occasions they were sexually assaulted by Raymond E. Roelfs. At the time of the molestations Raymond was 16 years old and April and Melodie were 10 and 8 years of age. The molestations were discovered when April told a

school friend and a teacher overheard the conversation. Raymond E. Roelfs was questioned by the police, admitted having performed sexually abusive acts with the minors, and was later adjudicated under the juvenile justice system. Following the complaint the girls were examined by a physician who concluded that each had been sexually abused and that the physical symptoms of each were consistent with penile penetration.

The summary judgment motions raise several issues. First is whether the terms of the Roelfs' homeowners policy require Allstate to defend or indemnify Raymond E. Roelfs against Phillips' claims for assault and battery. Second is whether the terms of the policy oblige Allstate to defend or indemnify Raymond L. and Evelyn Roelfs against Phillips' claims of negligence. If Allstate is required to defend Raymond E. Roelfs, a third issue is whether Allstate must also indemnify him for any punitive damages awarded in a judgment against him.

I. Whether the claims against Raymond E. Roelfs based upon the sexual assault of two minor girls are covered by the Allstate homeowners policy issued to the Roelfs.

The duty of an insurer to defend its insured is separate from and broader than its obligation to indemnify the insured. *Afcan v. Mutual Fire, Marine and Inland Ins. Co.*, 595 P.2d 638, 645 (Alaska 1979). The insurer's duty to defend arises whenever a complaint is "sufficient on its face to create an issue of liability covered by the policy" even if the allegations of the complaint are false or groundless. *Id.* The allegations made in the complaint determine the insurer's duty to defend, and, so long as the claim alleged is for a loss covered by the policy, the insurer must defend. The Roelfs' homeowners policy provides that Allstate will defend an insured "[i]f an insured person is sued for [covered] damages." Policy, Part I, Coverage X, Family Liability Protection, at 17, Exhibit A to Complaint. Covered damages are "all sums arising from the same loss which an insured person becomes legally

obligated to pay as damages because of bodily injury ... covered by this part of the policy." *Id.* This coverage is, however, subject to an exclusion which provides that Allstate does not cover "bodily injury ... intentionally caused by an insured person." *Id.* The claims against Raymond E. Roelfs are two: Count I states a claim for assault and battery and requests compensatory damages for Raymond E. Roelfs' "intentional acts"; Count II states that Raymond E. Roelfs intentionally and recklessly sexually assaulted the two girls and requests punitive damages.

### A. Scope of the Basic Coverage Provision

Allstate first argues that the claims alleged against Raymond E. Roelfs are not within the basic scope of the homeowners policy because "the average person purchasing homeowners insurance would cringe at the very suggestion" that he was purchasing insurance to cover liability for sexual assault and molestation of a child. *Rodriquez v. Williams*, 42 Wash.App. 633, 713 P.2d 135, 137 (1986), *aff'd en banc* 107 Wash.2d 381, 729 P.2d 627 (1986). Phillips argues that the claims alleged are for bodily injury and the policy expressly provides that Allstate will pay all sums an insured becomes obligated to pay as damages because of bodily injury.

The general rule is that insurance contracts are construed liberally against the insurer and doubtful language is resolved in favor of the insured. *Starry v. Horace Mann Ins. Co.*, 649 P.2d 937, 939 (Alaska 1982). This rule does not necessarily apply, however, when the party urging a particular construction is not a party to the contract. *Flexi–Van Leasing, Inc. v. Aetna Casualty & Surety Co.*, 822 F.2d 854, 856 (9th Cir.1987). Because Phillips is not a party to the Allstate insurance policy, I conclude that she "is not entitled to a strict construction in [her] favor." *Id.* (quoting *Travelers Indemnity Co. v. U.S.*, 543 F.2d 71, 74 (9th Cir.1976)).

In Alaska, provisions of coverage should be construed broadly. *Starry*, 649 P.2d at

939. An insurance contract is construed to provide the coverage that a layperson would have reasonably expected, given a lay interpretation of the policy language. *Id.; Stordahl v. Government Employees Ins. Co.,* 564 P.2d 63, 66 (Alaska 1977). This standard is an objective standard, based on the expectations of a hypothetical layperson. *Deland v. Old Republic Life Ins. Co.,* 758 F.2d 1331, 1335 (9th Cir.1985). The reasonable expectations of the insured are determined from the language of the policy itself and from any representations made by the insurer to the insured. *Id.* at 1336 (quoting *INA Life Ins. Co. v. Brundin,* 533 P.2d 236, 242 (Alaska 1975)).

■ As there is no contention here that Allstate made any representations to the Roelfs as to whether their policy would cover bodily injury resulting from sexual assault, the reasonable expectations of the Roelfs must be ascertained from the words appearing on the face of the policy. The policy provides that Allstate will pay "all sums arising from the same loss which an insured person becomes legally obligated to pay as damages because of bodily injury ... covered by this part of the policy." Policy, *supra,* at 17. I conclude that the coverage provided by this section is broad enough to include the claims asserted here. Although I agree that most people would "cringe" at the notion that an insurance policy would provide coverage for bodily injury caused by sexual assault, a layperson reading this particular policy language would reasonably expect the policy to protect him or her from liability for bodily injury, however caused.

Allstate relies on three cases for its argument that there can be no reasonable expectation of coverage for bodily injury caused by sexual assault: *Vermont Mutual Ins. Co. v. Malcolm,* 517 A.2d 800 (N.H. 1986); *Rodriguez v. Williams,* 42 Wash. App. 633, 713 P.2d 135 *aff'd en banc,* 107 Wash.2d 381, 729 P.2d 627 (1986); *Western Nat. Assur. Co. v. Hecker,* 43 Wash.App. 816, 719 P.2d 954 (1986). In *Vermont Mutual* and *Hecker,* however, the policies only covered bodily injury "caused by an occurrence" and defined an occurrence as an

"accident". Each court found that acts of sexual assault could not reasonably be viewed as an accident or occurrence within the basic coverage provision of the policy. The Allstate policy at issue here, however, contains no such limiting language. The policy in *Rodriguez* also did not contain such a limitation, and there is language in the lower court's opinion in *Rodriguez* which suggests that the court found acts of sexual assault not within the basic coverage provision of the policy. The court finally reasoned, however, that there was no coverage because the exclusion for bodily injury expected or intended by an insured applied. On appeal, the Washington Supreme Court affirmed based solely on its conclusion that the exclusionary clause applied to preclude coverage. *Rodriguez,* 729 P.2d at 630–31. Thus, if the Allstate policy does not cover the claims alleged by Phillips against the Roelfs, it must be because an exclusion removes such claims from the scope of the basic coverage provision.

### B. Exclusion for Acts "Intentionally Caused"

■ Allstate argues that the claims for damages alleged by Phillips are not losses covered by the policy because the acts of sexual molestation were "bodily injury intentionally caused" by Raymond E. Roelfs, an insured, within the meaning of the exclusion. However, Phillips argues that the exclusion only applies when the insured intended to cause injury and not simply when, as argued here, the insured intended to commit the particular act which led to injury. Phillips suggests that there is no evidence that Raymond E. Roelfs intended to cause bodily injury, although the parties have stipulated that Raymond E. Roelfs intended to commit acts of sexual assault and molestation. Allstate does not dispute that in some cases the exclusion will apply only if the insured intended to cause injury, but argues that the intent to injure is established as a matter of law from the intent to commit acts of sexual assault and molestation. I agree.

Phillips suggests that the language of the exclusion is ambiguous and that the ambiguity must be resolved against All-

state. *See Starry,* 649 P.2d at 939 (ambiguities are resolved against the insurer). Even if Phillips, as a third party to the contract, may avail herself of this rule of construction, I will not apply it because I find no ambiguity in the language of the exclusion [1] and I will not "artificially create ambiguity where none exists." *Allstate Ins. Co. v. Ellison,* 757 F.2d 1042, 1044 (9th Cir.1985) (construing Alaska law). An ambiguity exists when the contract taken as a whole supports differing reasonable interpretations. *Jarvis v. Aetna Casualty & Surety Co.,* 633 P.2d 1359, 1363 (Alaska 1981). A contract is not rendered ambiguous merely because the parties do not agree on the meaning of a specific policy term. *Potter v. Ranger Ins. Co.,* 732 F.2d 742, 743 (9th Cir.1984) (construing Alaska law). In the absence of any ambiguity, the terms of an insurance contract are given their plain, ordinary meaning. *Jarvis,* 633 P.2d at 1363; *INA Life Ins. Co. v. Brundin,* 533 P.2d 236, 239–42 (Alaska 1975). The wording of the exclusion is clear and unambiguous: by its terms it simply excludes any claims for bodily injury that were intentionally caused by the insured. While the parties dispute whether the insured intentionally caused the injury here, that dispute is a factual or legal one which arises not because the wording of the clause is ambiguous but because courts have developed different tests for ascertaining intent. I therefore conclude that the clause is unambiguous.

1. There is a split of authority as to whether intentional act exclusion clauses are inherently ambiguous or not at all ambiguous. *See generally* Annotation, *Construction and Application of Provision of Liability Insurance Policy Expressly Excluding Injuries Intended or Expected by the Insured,* 31 A.L.R. 4th 957, 978 (1984). Based on the wording of this particular policy and the Alaska case law defining an ambiguity, I find no ambiguity here.

2. *See Farmers Ins. Group v. Sessions,* 100 Idaho 914, 607 P.2d 422, 426 (Idaho 1980) (exclusion applies only if the insured actually intended some injury, however slight); *Brown v. State Automobile & Casualty Underwriters,* 293 N.W. 2d 822, 824–25 (Minn.1980) (the exclusion is inapplicable where the insured denies an intent to injure); *Continental Western Ins. Co. v. Toal,* 309 Minn. 169, 244 N.W.2d 121 (1976) (same).

Policy provisions excluding coverage for bodily injury "intentionally caused" or "expected or intended" by an insured have generally been construed to preclude coverage only when the injury or harm was intended, and not just when the act causing the injury was intended. *See* 7A J. Appelman, Insurance Law & Practice § 4501.09 (Rev. ed. 1979); Annotation, *supra,* 31 A.L. R. 4th at 983. However, courts have developed three different approaches for determining whether the insured intended to cause injury and thus whether the exclusion applies to a particular case. *See generally,* Annotation, *supra,* 31 A.L.R. 4th 957. Some courts have held that the exclusion does not apply unless the insured subjectively intended to cause some injury.[2] Courts adopting this approach will rarely decide the coverage question on a motion for summary judgment since the subjective intent of the insured is generally a question of fact. *See, e.g., Zordan v. Page,* 500 So.2d 608 (Fla.Dist.Ct.App.1986) (exclusion inapplicable unless insured subjectively intended to cause injury, a question of fact precluding summary judgment) *rev. denied sub nom. South Carolina Ins. Co. v. Zordan,* 508 So.2d 15 (Fla.1987). Other courts have used an objective test for determining the intent of the insured.[3] These courts will apply the exclusion so long as an ordinary, reasonable person would expect or intend injury to result from the particular act committed, or, alternatively stated, if the natural and ordinary consequences of the act are bodily harm. Finally, a third

3. *See CNA Ins. Co. v. McGinnis,* 666 S.W.2d 689, 691 (Ark.1984) (the test is what a plain, ordinary person would expect and intend to result from an act of sexual assault); *Wright v. White Birch Park, Inc.,* 118 Mich.App. 639, 325 N.W.2d 524, 528 (1982) (injury intentional when a reasonable person could expect injury from the act); *Group Ins. Co. v. Morrelli,* 111 Mich.App. 510, 314 N.W.2d 672, 675 (1982) (both the act and the injury intentional when the injury was the natural, foreseeable, expected, and anticipated result of act); *Mutual Service Cas. Ins. Co. v. McGehee,* 711 P.2d 826, 827 (Mont.1985) (exclusion applied where insured punched another in the face because such an act would reasonably be expected to lead to injury).

group of courts, led by the state courts of Minnesota, have ruled that in sexual assault and molestation cases the intent to cause injury will be inferred from the act as a matter of law.[4] These courts hold that the exclusion applies "if a reason for an insured's act is to inflict bodily injury [subjective test] *or* 'when the character of the act is such that an intention to inflict injury can be inferred' as a matter of law." *Fireman's Fund Ins. Co. v. Hill,* 314 N.W.2d 834, 835 (Minn.1982) (emphasis in original) (quoting *Continental Western Ins. Co. v. Toal,* 309 Minn. 169, 244 N.W.2d 121, 125 (1976)).

The Alaska Supreme Court has yet to interpret an intentional act exclusion, and therefore it has not decided whether Alaska will follow the objective or subjective approach. However, when interpreting an insurance policy Alaska looks to case law from other jurisdictions construing similar provisions. *Stordahl,* 564 P.2d at 66. I conclude that in this case the Alaska Supreme Court would follow the third approach and infer the intent to cause injury as a matter of law from the acts of sexual assault. Although a few courts may have incorporated the objective test with the approach I adopt here, I conclude that the better analysis distinguishes the three tests. *See, e.g., Rodriquez v. Williams,* 107 Wash.2d 381, 729 P.2d 627 (1986).[5] That is, assuming the subjective intent of an insured to cause bodily injury is required under the terms of the exclusion, a question I need not now resolve, the intent to cause injury will be inferred as a matter of law from the nature of the acts committed by the insured Raymond E. Roelfs.[6] This conclusion comports with the purpose of the intentional acts exclusion clause,

**4.** *See Linebaugh v. Berdisch,* 144 Mich.App. 750, 376 N.W.2d 400, 405 (1985) (intent to injure inferred from young male's sexual assault of a fourteen-year-old girl); *Horace Mann Ins. Co. v. Independent School District,* 355 N.W.2d 413, 416 (Minn.1984) (intent to cause bodily injury inferred as a matter of law from high school teacher's unconsented to sexual contacts with student); *Estate of Lehmann v. Metzger,* 355 N.W.2d 425, 426 (Minn.1984) (intent inferred from uncle's sexual assault of young niece); *State Farm Fire & Casualty Co. v. Williams,* 355 N.W.2d 421, 424 (Minn.1984) (intent to cause bodily injury inferred as a matter of law from professor's unconsented to sexual contact with a disabled student); *Fireman's Fund Ins. Co. v. Hill,* 314 N.W.2d 834, 835 (Minn.1982) (intent to injure inferred from sexual molestation of foster child); *Illinois Farmers Ins. Co. v. Judith G.,* 379 N.W.2d 638 (Minn.App.1986) (intent to injure inferred as a matter of law from minor's sexual abuse of two minor children); *Grange Ins. Ass'n. v. Authier,* 45 Wash.App. 383, 725 P.2d 642, 644 (1986) (dicta) (intent to harm a minor child inferred as a matter of law from act of sexual assault).

**5.** A federal district court in Alabama recently refused to follow this third approach because of its understanding of an Alabama Supreme Court case, *Alabama Farm Bureau Mutual Casualty Ins. Co. v. Dyer,* 454 So.2d 921 (Ala.1984). *State Auto Mutual Ins. Co. v. McIntyre,* 652 F.Supp. 1177 (N.D.Ala.1987). In *Dyer* the Alabama Supreme Court adopted the subjective test for determining the intent of the insured, following *Continental Western Ins. Co. v. Toal,* 309 Minn. 169, 244 N.W.2d 121 (1976). 454 So.2d at 925. The *Continental* case, while adopting the subjective approach, also held that in some cases the intent to injure may be inferred as a matter of law from the character of the act. 244 N.W.2d at 125. In *McIntyre* the court was urged to infer intent as a matter of law, but it refused because it believed such an approach to be inconsistent with the subjective test expressly adopted in *Dyer.* The *McIntyre* court concluded that the *Dyer* court could not have followed *Continental*'s inference test because that test was inconsistent with the subjective test. *McIntyre,* 652 F.Supp. at 1198. I believe this analysis confuses the objective test with the inference test and decline to follow *McIntyre*'s reasoning. Instead, I conclude along with *Continental* and *Rodriguez* that even if the subjective test might ordinarily apply, in some cases the intent to cause injury can be inferred as a matter of law from the character of the act. *Continental,* 244 N.W.2d at 125; *Rodriguez,* 729 P.2d at 630–31.

**6.** Because the intent to injure is inferred as a matter of law from the nature of the act committed, the subjective intent of the insured is irrelevant. *See, American Family Mutual Ins. v. Peterson,* 405 N.W.2d 418, 421 n. 4 (Minn.1987). Similarly, when the intent to injure is inferred as a matter of law from the nature of the act committed, the court need not ask whether a reasonable person would expect the act to result in injury. Thus, if the intent to injure is inferred as a matter of law, it does not matter whether the objective or subjective test would otherwise apply. *See Rodriguez,* 729 P.2d at 629–30 (rejecting the objective test, but infering intent to injure as a matter of law). Phillip's argument that Raymond E. was too emotionally immature to form the specific intent to injure the girls is inapposite since it goes to Raymond E.'s subjective intent to injure.

which is to "prevent extending to the insured a license to commit wanton and malicious acts." *Farmers Ins. Exchange v. Sipple*, 255 N.W.2d 373, 375 (Minn.1977).

Phillips relies on *MacKinnon v. Hanover Ins. Co.*, 124 N.H. 456, 471 A.2d 1166 (1984) for her argument that even in sexual assault cases the intentional act exclusion does not apply unless the insured specifically intended to cause injury. In *MacKinnon* the insurer argued that acts of sexual abuse committed by the insured against his six-year-old daughter were not covered by a homeowners policy exclusion for "bodily injury ... expected or intended by the insured." The court held that an exclusion thus worded applied only if the insured had an actual subjective intent to cause injury, and not where the insured merely intended the act leading to injury. The court also refused to infer the requisite intent as a matter of law, finding that the language of the exclusion could not support such an inference.

I conclude that the Alaska Supreme Court would follow the substantial authority cited by Allstate and therefore decline to follow *MacKinnon.* Moreover, the exclusionary language in *MacKinnon* was different from that in the Allstate policy at issue here, and the court's rationale depended in large part on the precise language of the policy.[7] *See id.* at 1168 (in refusing to infer intent, the court distinguishes an earlier case, *Vittum v. New Hampshire Ins. Co.*, 369 A.2d 184 (N.H. 1977), on the grounds that the policy language in *Vittum* was for "injuries intentionally caused" rather than "bodily injury expected or intended," and thus could reasonably support *Vittum's* conclusion that

the intent to cause injury could be inferred from certain acts). I conclude that the claims against Raymond E. Roelfs are not covered by the Roelfs' Allstate homeowners policy because those claims are for "bodily injury intentionally caused" by Raymond E. Roelfs and are subject to the exclusion.

II. Whether the claims for negligence against Raymond L. and Evelyn Roelfs are also excluded from coverage because they are claims for bodily injury intentionally caused by *an* insured.

Phillips has stated three counts in negligence against Raymond L. and Evelyn Roelfs (the Roelfs).[8] Allstate argues that none of these claims are covered under the policy because these claims are also for bodily injury intentionally caused by *an* insured and thus excluded, or because these claims are completely derivative of Raymond E.'s intentional acts. Phillips argues that each of the Roelfs is an insured under the policy and the intentional acts of one cannot be ascribed to the others. She argues that since the claims against the Roelfs are for negligence rather than intentional misconduct, they are covered by the policy. I conclude that because of the wording of the exclusion in this Allstate homeowners policy, the claims against the Roelfs are not covered by the policy.

The Allstate policy defines an insured as "you and, if a resident of your household, any relative and any dependent person in your care." There is no dispute that each of the three Roelfs is an insured under the policy. The policy excludes from

---

**7.** It is true that the language of the exclusions involved in *Rodriguez* and the Minnesota cases was also different from that here. In those cases, however, the courts' rationales did not depend on the language of the exclusion but on the nature of the insured's acts. This is a better analysis since the policy language is really only relevant to the question of whether an objective or subjective intent to injure is required by the particular exclusion. When the intent to injure is inferred as a matter of law from the nature of the acts committed, the subjective or objective intent of the insured to cause injury is irrelevant. *See Rodriguez*, 729 P.2d at 630.

**8.** In Count III Phillips alleges that the Roelfs had and breached a duty to exercise reasonable care to prevent Raymond E. from intentionally injuring the McShane girls; in Count IV she alleges that the Roelfs had an assumed duty to care for the girls and that this duty was breached by allowing Raymond E. to sexually assault the girls; in Count V she alleges that the Roelfs breached their assumed duty of caring for the minors by failing to protect the girls from the sexual assault of Raymond E.

coverage "bodily injury ... intentionally caused by an insured." Policy, Part I, Coverage X, at 17, Exhibit A to Complaint. Allstate argues that because this exclusion applies to intentional acts of *an* insured, as opposed to *the* insured, it applies to all claims which arise from the intentional acts of any one insured, even though the claims are stated against another insured. I agree.

Phillips relies on *Unigard Mutual Ins. Co. v. Argonaut Ins. Co.*, 20 Wash.App. 261, 579 P.2d 1015 (1978) and *Pawtucket Mutual Ins. Co. v. Lebrecht*, 104 N.H. 465, 190 A.2d 420 (1963) to support her argument. In *Unigard* a school district sued the parents of a boy who intentionally set fire to trash in a wastebasket in the school building. The only claim against the parents was for negligence. The policy excluded coverage for bodily injury or property damage "expected or intended from the standpoint of the insured." *Unigard*, 579 P.2d at 1017. The court found that "where coverage and exclusion is defined in terms of 'the insured,' the courts have uniformly considered the contract between the insurer and several insureds to be separable, rather than joint." *Id.* at 1019. Accordingly, the court held that the excluded intentional act of the son did not bar coverage for the negligence of the other insureds. *Id.* Similarly, in *Pawtucket* the policy excluded coverage for injuries intentionally caused by "the insured." The court held that the policy covered the parents "against liability for the intentional injury committed not by them but by their minor son who is an insured under the omnibus clause but who would be excluded from coverage" under the intentional acts exclusion. *Pawtucket*, 190 A.2d at 423. The court found that the insurance company "intended to cover differing situations" depending on whether they used the phrase "the insured" or "an insured." *Id.* at 422–23.

The Roelfs policy excludes coverage for bodily injury intentionally caused by "an insured." I conclude the exclusion is unambiguous; if the claims arise from bodily injury intentionally caused by any one insured, all claims are excluded, regardless of whether they are stated against a different insured for unintentional conduct. In *Travelers Ins. Co. v. Blanchard*, 431 So.2d 913 (La.App.1983) the court arrived at this conclusion when construing the identical exclusion at issue here. The insured's minor son stole some jewelry and the owner sued the son and, on a theory of vicarious liability, his father. The court found that the exclusion precluded coverage for the son as well as the father because:

The exclusion is not restricted to intentional acts of the particular insured sought to be held liable, but broadly excludes coverage for *all intentionally caused* injury or damage by *an insured person.*

*Id.* at 915 (emphasis in original). I conclude that the exclusion in the Roelfs homeowners policy clearly and unambiguously excludes from coverage all claims which arise out of the intentional acts of any one of the insureds. Allstate has no duty to defend or indemnify the Roelfs with respect to the claims asserted by Phillips in state court.

The summary judgment motion of Allstate is therefore GRANTED and Phillips' summary judgment motion is DENIED.