**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**S.L., individually; R.L. and G.L., individually, and as parents; W.L.H. and C.H., Defendants.**

**No. 87–2025–CIV.**

United States District Court, S.D. Florida.

Jan. 11, 1989.

---

David B. Shelton, Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Lori J. Caldwell, Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, and Robert J. Rudock, Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Orlando, Fla., for plaintiff.

Mark D. Swanson, Miami, Fla., for defendants S.L., R.L. and G.L.

Lawrence Ropes, Coral Gables, Fla., for defendants W.L.H. and C.H.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON PLEADINGS

EDWARD B. DAVIS, District Judge.

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment on the Pleadings. After a thorough review of the record in this case, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion is GRANTED based on the overwhelming federal authority which has addressed the identical issue in this Complaint. *See, e.g., Allstate Insurance Co. v. Roelfs,* 698 F.Supp. 815 (D.AK 1987); *Allstate Insurance Co. v. Foster,* 693 F.Supp. 886 (D.Nev.1988); *Allstate Insurance Co. v. Travers,* 703 F.Supp. 911 (N.D. Fla.1988); *Allstate Insurance Co. v. Childs,* No. 87–1055–CIV–ORL–18, (M.D. Fla. July 7, 1988).

This Court, however, would like to address an issue raised by Defendants which has not directly been addressed in the previous cases above. Defendants claim that the insured who committed the sexual act suffered from the disease of "Pedophilia." Therefore, the insured could not have subjectively intended the harm caused. Defendants cite to a few cases for support.[1] As stated in previous Orders in this case, Defendants arguments regarding the subjective intent of the insured is misplaced. The cases Defendants cite merely interpreted a homeowner's policy which contained the following language: "We do not cover bodily injury or property damage intentionally caused by an insured person." These courts interpreted this language to mean that the homeowner's policy did not cover injuries when the insured subjectively intended to commit the harm. In the instant case, the homeowner's policy states: "We do not cover any bodily injury or property damage which may *reasonably* be expected to result from the *intentional or criminal act* of an insured person *or* which are in fact intended by an insured person." (emphasis added). The language of this disclaimer of liability is unambiguous. The policy does not only exclude coverage when the insured subjectively intends to commit harm, but also when a reasonable person would know that harm would likely result. This Court takes judicial notice that a reasonable person would realize that the sexual molestation of a young girl would cause physical as well as psychological harm to that young girl. Therefore, this Court finds that Plaintiff's policy adequately excludes harm caused by the insured's intentional, as well as criminal, act of committing sexual acts with the young girl, even though the insured might have subjectively believed that his intentional act was not harming the young girl.

DONE AND ORDERED.

---

1.  *See, e.g., State Farm Fire and Casualty Co. v. Estate of Jenner,* 856 F.2d 1359 (9th Cir.1988); *Allstate Insurance Co. v. Troelstrup,* No. 86CA0713, —— P.2d —— (CO Ct.App.1988); *Allstate Insurance Co. v. Steinemer,* 723 F.2d 873 (11th Cir.1984).