**Kelley TROY, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY; Douglas S. Pringle, Special Administrator of the Estate of J.M. Neal, Deceased; and Maryan Neal, Defendants.**

**No. 91–1161–K.**

United States District Court, D. Kansas.

April 17, 1992.

---

Donald A. McKinney, of Michaud, Hutton & Bradshaw, Wichita, Kan., for Kelley Troy.

Thomas A. Wood, Wichita, Kan., for Allstate Ins. Co.

Douglas S. Pringle, of Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., for Estate of J.M. Neal, Deceased.

Stephen E. Robison, of Joseph, Robison & Anderson, Wichita, Kan., for Maryan Neal.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, Chief Judge.

In its motion for summary judgment, defendant Allstate Insurance Company seeks a determination that the homeowner insurance policies it issued did not provide coverage for damages resulting from the insured's alleged sexual molestation of a child. The estate of the insured, J.M. Neal, and the plaintiff contend that coverage exists under the insurance policies for unintended damages that result from an intentional act.

A hearing on the motion was held on April 15, 1992. At that time, the court announced its decision. Consistent with its decision at the hearing, and for the reasons cited herein, the court grants Allstate's motion for summary judgment.

The relevant facts are not in dispute. The plaintiff, Kelley Troy, has sued the estate of J.M. Neal for damages allegedly resulting from sexual molestation. Plaintiff contends that from the time she was seven years old until she reached the age of 14, Neal sexually molested her without her consent. These alleged acts of sexual molestation occurred primarily within the home of J.M. and Maryan Neal in Sedgwick County, Kansas.

In the underlying sexual molestation action, Neal tendered his defense to Allstate under his homeowner's insurance policy.

Allstate accepted the tender pursuant to a reservation of rights to contest coverage. Now, in its motion for declaratory relief in federal district court, Allstate asserts that the claims against Neal are excluded from coverage.

Throughout the years encompassing the alleged acts of sexual molestation, three separate insurance policies were issued by Allstate to Neal. The policy in effect in 1979, when the alleged sexual molestation began, expressly provided that personal liability coverage did not extend to:

(f) to bodily injury ... which is either expected or intended from the standpoint of the Insured.

(Def. Allstate's Memo., Faragher Aff. ¶ 1.)

Subsequent homeowner policies provided for the following exclusions:

1. We do not cover bodily injury ... intentionally caused by any insured person.

. . . .

1. We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person.

(Def. Allstate's Memo., Faragher Aff. ¶¶ 3 and 4).

In their arguments in opposition of summary judgment, Neal and the plaintiff concede that J.M. Neal intended to perform the acts of sexual molestation upon Kelley Troy. They argue, however, that the policy exceptions do not apply because Neal did not intend or expect the acts to cause harm to the plaintiff. It is asserted that Neal believed he was helping the plaintiff through his actions. Thus, plaintiff and Neal contend that as a matter of law the insurance policies do not exclude coverage for unintentional injuries caused by intentional acts.

For support, plaintiff and Neal rely upon the Kansas Supreme Court's ruling in *Spruill Motors, Inc. v. Universal Underwriters Ins. Co.*, 212 Kan. 681, 512 P.2d 403 (1973). Therein, the court found that the insurer's exclusion for bodily injury

that was expected or intended by the insured did not apply when an intentional act resulted in an unintended injury. 212 Kan. at 687, 512 P.2d 403 (citing *Gowing v. Great Plains Mut. Ins. Co.,* 207 Kan. 78, 82, 483 P.2d 1072 (1971)).

This court finds plaintiff's reliance on *Spruill Motors* is misplaced. In *Spruill Motors,* an individual was injured when a vehicle driven by an employee of the plaintiff ran over a customer's foot. 212 Kan. at 682, 512 P.2d 403. Although the employee intended to accelerate the vehicle, the court determined that he did not intend to harm the individual and therefore found that coverage existed under the insured's homeowner's insurance despite the exclusionary clause for intentional acts. *Id.* at 687, 512 P.2d 403. In the present case, however, the plaintiff's claim for damages is based upon allegations of sexual molestation. This act, perpetrated by an adult upon a child, has been found by a majority of federal jurisdictions that have considered the issue to constitute intentional harm from its very nature. *See generally State Farm Fire and Cas. Co. v. Smith,* 907 F.2d 900, 902–03 (9th Cir.1990); *State Farm Fire & Cas. Co. v. Ezrin,* 764 F.Supp. 153, 157 (N.D.Cal., 1991); *Allstate Ins. Co. v. Bailey,* 723 F.Supp. 665, 669 (M.D.Fla., 1989); *Allstate Ins. Co. v. Roelfs,* 698 F.Supp. 815, 821 (D.Alaska, 1987).

Common sense and legislative history lead this court to adopt the argument espoused by Allstate; that in the exceptional case of an act of child molestation, cause and effect cannot be separated, so that to do the act is necessarily to do the harm which is the consequence of the intended act. It is now a generally accepted conception that harm is inherent in the act of sexually abusing a child. *Allstate Ins. Co. v. S.L.,* 704 F.Supp. 1059, 1060 (S.D.Fla., 1989), *aff'd,* 896 F.2d 558 (11th Cir.1990); *Allstate Insurance Co. v. Mugavero,* 79 N.Y.2d 153, 581 N.Y.S.2d 142, 589 N.E.2d 365 (1992). In fact, it is apparent that the Kansas Legislature has determined that harm from sexual offenses against children is inseparable from performance of the act. That governing body has determined that indecent liberties with a child, K.S.A. 21–3503, aggravated criminal sodomy, K.S.A. 21–3506, and sexual exploitation of a child, K.S.A. 21–3516, constitute serious felonies merely upon proof that the acts occurred, irrespective of whether force was used, the child consented, or the resultant injuries were intended.

Furthermore, the court believes the expansion of insurance coverage to protect the insured from damages arising out of the sexual molestation of children is beyond the realm of public policy. As one court noted: "[t]he average person purchasing homeowner's insurance would cringe at the very suggestion that [the person] was paying for such coverage. And certainly, [the person] would not want to share that type of risk with other homeowner's policyholders." *Rodriguez v. Williams,* 42 Wash.App. 633, 636, 713 P.2d 135, *aff'd* 107 Wash.2d 381, 729 P.2d 627 (1986).

The Kansas Supreme Court has not yet interpreted an intentional act exclusion and its application to child molestation. Nevertheless, this court concludes that the Kansas court would infer an intent to harm children when an adult intentionally commits an act of sexual abuse or molestation. Plaintiff's complaint against the estate of J.M. Neal alleges that Neal committed intentional acts of child molestation. The very nature of the act compels the court to infer, as a matter of law, that Neal also intended to cause the inevitable harm which plaintiff now suffers. Accordingly, Neal's actions fall within the exclusions of his homeowner's insurance policies and Allstate has no duty to indemnify Neal for any damages asserted against him in state court.

IT IS THEREFORE ORDERED this 17 day of April, 1992, that defendant Allstate Insurance Company's motion for summary judgment (Dkt. No. 21) is hereby granted.