LINDA A. BRANCH, Respondent, v CHENANGO MUTUAL INSURANCE COMPANY, Appellant. (Appeal No. 1.) [639 NYS2d 762]

Present—Pine, J. P., Wesley, Callahan, Davis and Boehm, JJ.

LINDA A. BRANCH, Respondent, v CHENANGO MUTUAL INSURANCE COMPANY, Appellant. (Appeal No. 2.) [639 NYS2d 202]

Memorandum: On February 1, 1994, a fire caused substantial damage to a two-story farmhouse owned by plaintiff and Richard Branch as tenants by the entirety. At the time of

the fire, the farmhouse and its contents were insured under a homeowner's insurance policy issued by defendant. The policy contained an exclusion "for loss which results from an act committed by or at the direction of an *insured* and with the intent to cause a loss". Additionally, the policy provided that it is void if, before or after a loss, an insured has engaged in misrepresentation, concealment or fraud regarding material facts.

At an examination under oath, Richard Branch testified that he did not intentionally start the fire. Thereafter, however, he was indicted for and convicted of, *inter alia,* arson in the third degree in connection with the fire.

Plaintiff submitted proofs of loss and, when defendant denied coverage, commenced this action to recover the insurance proceeds. After joinder of issue, plaintiff moved for partial summary judgment on the issue of liability, asserting that she is entitled to the insurance proceeds because she is innocent of wrongdoing and fully complied with the terms of the policy. Defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion and denied defendant's cross motion. We reverse.

The policy contains an exclusion from coverage for a loss caused by an intentional act committed by "an insured", as opposed to "the insured". We conclude that defendant has established that the exclusion applies because the claim arose out of the intentional acts of Richard Branch, "an insured" under the policy (*see, Allstate Ins. Co. v Mugavero,* 79 NY2d 153, 164; *see also, Allstate Ins. Co. v Roelfs,* 698 F Supp 815, 822; *cf., Reed v Federal Ins. Co.,* 71 NY2d 581). Contrary to the contention of plaintiff and upon our examination of the policy, we perceive no ambiguities regarding either the definition of an insured or the scope of the exclusions under the policy.

Lastly, in light of our determination, we do not address the remaining contention of defendant. (Appeal from Amended Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Pine, J. P., Wesley, Callahan, Davis and Boehm, JJ.