**Thom FISCHER, an individual, Plaintiff–Appellant,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, a corporation; et al., Defendants–Appellees.**

No. 06–35463.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed March 28, 2008.

Hal Thurston, Esq., Zender Thurston PS, Bellingham, WA, for Plaintiff–Appellant.

M. Colleen Barrett, Esq., Barrett & Worden, Seattle, WA, for Defendants–Appellees.

Before: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER *, District Judge.

MEMORANDUM **

Thom Fischer appeals the district court's order denying his motion for summary judgment and granting State Farm Fire and Casualty Company's motion for summary judgment. We affirm in part, reverse in part, and remand for further proceedings.

Our decision in this case rests on a bizarre set of circumstances, including the Washington Court of Appeals' reconciliation of seemingly contradictory jury findings in the underlying civil suit. The Washington Court of Appeals held that the jury could find both that Fischer was negligent when he engaged in intercourse with Donna MacKenzie and that MacKenzie had consented to the intercourse. It reasoned that the jury could have "believed she gave consent under the mistaken belief that her boyfriend, not Fischer, had climbed into her bed."

In light of these findings, we conclude that the harm to MacKenzie was a result of an accident. Under Washington law, an intentional action may qualify as an accident unless a reasonable person in the insured actor's position would be aware of or foresee the harmful consequences of the action. *Nationwide Mut. Ins. Co. v. Hayles, Inc.*, 136 Wash.App. 531, 150 P.3d 589, 593 (2007). What caused the harm in this case was not that Fischer engaged in intercourse, but that he engaged in non-consensual intercourse, which he could not have reasonably foreseen. A reasonable person in his position would not be aware of or foresee the harmful consequences of

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

intercourse with the consenting MacKenzie because he would not be aware of or foresee that her consent was ineffective and based on her mistaken belief that she was with her boyfriend. MacKenzie's mistake as to Fischer's identity constituted an "additional unexpected, independent and unforeseen happening." *See Unigard Mut. Ins. Co. v. Spokane Sch. Dist. 81,* 20 Wash. App. 261, 579 P.2d 1015, 1018 (1978). Accordingly, the harm was the result of an accident.

State Farm contends that there is no evidence in the record to support the Washington Court of Appeals' conclusion that Fischer was negligent despite receiving MacKenzie's consent. State Farm had an opportunity to intervene or to provide a defense for Fischer in the underlying litigation and to raise this argument before the Washington Court of Appeals, but it failed to do so. We cannot change or challenge the state court's conclusions. Under the circumstances, State Farm is bound by the findings made in the underlying litigation. *See Fisher v. Allstate Ins. Co.,* 136 Wash.2d 240, 961 P.2d 350, 353–55 (1998) (holding that, in order to avoid "anomalous results, redundant litigation," and to prevent "insurers from picking and choosing their judgments," an insurer "will be bound by the 'findings, conclusions and judgment'" of an underlying action in the underinsured motorist context, despite the absence of "technical privity," "when it has notice and an opportunity to intervene").

State Farm's argument that extending coverage to the unique facts of this case would violate public policy is unpersuasive. The cases State Farm cites all involve circumstances where the harm caused was foreseeable, and that is not the situation here. *See, e.g., Rodriguez v. Williams,* 42 Wash.App. 633, 713 P.2d 135, 138 (1986) (denying coverage for actions that were "of such a character that an intention to inflict injury can be inferred as a matter of law").

Finally, we decline to consider State Farm's argument that there was no evidence of bodily injury, as required for coverage under the policy, because it is a question of fact raised for the first time on appeal. *See Jovanovich v. United States,* 813 F.2d 1035, 1037 (9th Cir.1987).

As we conclude that the harm to MacKenzie was the result of an accident, we reverse the summary judgment in favor of State Farm on Fischer's claims for declaratory relief and breach of contract. We affirm the summary judgment in favor of State Farm on Fischer's claims for breach of the covenant of good faith and fair dealing, violation of the Consumer Protection Act, negligence, and outrageous conduct because the district court's decision on these claims did not rely exclusively on its coverage determination and Fischer failed to present any argument or evidence to create triable issues as to these claims' additional elements. Fischer shall recover his costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**