## RED & WHITE AIRWAY CAB COMPANY AND ANOTHER v. TRANSIT CASUALTY COMPANY.

234 N. W. 2d 580.

September 19, 1975—No. 44761.

*Schermer, Schwappach, Borkon & Ramstead, Edward H. Borkon,* and *Richard I. Diamond,* for appellants.

*Lasley, Gaughan, Reid & Stich* and *John F. Angell,* for respondent.

Heard before Otis, Peterson, and Scott, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

This is an appeal from a judgment interpreting a contract of insurance. The issue is whether the insurer was required by the terms of its policy to defend and reimburse its insureds in an action for false imprisonment. The district court held that the words of coverage for damages "caused by accident" in the policy were not intended to include false arrests and that the insurer was therefore not obligated to defend or reimburse its insureds. We affirm.

The plaintiff in the main action was a passenger in one of appellants' cabs. Upon arriving at her destination she tendered a $10 bill which the driver was unable to change. An altercation resulted which prompted the cabdriver to take the passenger to the police station and make a citizen's arrest for defrauding a cab. The charge was dismissed, and the passenger sued the cab company and the owner of the cab for false arrest.

Before the main action could be tried, this lawsuit was begun. The appellants seek to require their insurer, pursuant to the policy, to conduct the defense of the action for false arrest and, as well, to accept any liability which might be assessed against them as a result of this incident. The insurance company contends that the language of the policy was not intended to include false arrests.

The policy language in question is as follows:

*"Coverage A—Bodily Injury Liability.* To pay on behalf of the insured all sums which the insured shall become legally obli-

gated to pay as damages because of bodily injury, sickness or disease * * * at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

\* \* \* \* \*

"[Condition No. 10] *Assault and Battery—Coverages A and B.* Assault and battery shall be deemed an accident unless committed by or at the direction of the insured.

\* \* \* \* \*

"[Endorsement No. 85] In consideration of the premium stated in the policy to which this endorsement is attached, the Company hereby agrees to pay any final judgment recovered against the insured for bodily injury to or the death of any person or loss of or damage to property of others * * * resulting from the negligent operation, maintenance, or use of motor vehicles under certificate of public convenience and necessity or permit issued to the insured by the Department of Public Service, or otherwise under Chapter 221, and amendments thereto * * *."

\* \* \* \* \*

"*II Defense, Settlement, Supplementary Payments.* With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

"(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent * * *."

The obligations of a liability insurance company under a policy provision requiring it to defend an action brought against the insured by a third party is to be determined by the allegations of the complaint made against the insured.[1] Minnesota Elec.

---

[1] In her amended complaint the passenger alleged that defendant cab company's agent made a citizen's arrest of her and that the act was "wrongful, willful, unlawful and malicious."

Distr. Co. v. U. S. F. & G. Co. 173 Minn. 114, 216 N. W. 784 (1927). The only question for decision is whether the injury alleged can be said to have been covered by the language of the policy.

Appellants argue that the injury was "caused by accident" within the meaning of the policy because the injury was an accident from the point of view of the passenger, and, alternatively, because the injury was an accident from the point of view of the employer.

1. A preliminary question in the interpretation of the insurance contract is whether an action for false arrest alleges "bodily injury, sickness or disease" within the meaning of the insurance contract. A false arrest ordinarily results in damages by reason of mental anguish and injury to one's right to personal liberty rather than physical harm. Because the issue has not been litigated, we decline to reach it, but the language of the policy demonstrates, at the outset, the likelihood that the policy was not intended to reimburse the insured for injuries of the sort alleged in the complaint.

2. The interpretation of the language "caused by accident" was for years a source of litigation on the question of whether such language included the intentional tort of battery. See, generally, Farbstein and Stillman, *Insurance for the Commission of Intentional Torts*, 20 Hastings L. Rev. 1219; Annotation, 33 A. L. R. 2d 1027. As a result of the ambiguity which resulted, language has been included during the last 30 years in most standard policies, including this one, to the effect that "assault and battery shall be deemed an accident unless committed by or at the direction of the named insured." National Bureau of Casualty Underwriters, Standard Provisions for General Liability Policies (1935).

Appellants in this case invite us to employ the same techniques first used to include assault and battery within the contract language for the purpose of now including false arrest within that language. We decline to do so because such an interpretation does

violence to the plain meaning of the contract language, and because our case law in the past offers no support for such an interpretation.

3. Consistent with its plain meaning, we have interpreted the language "caused by accident" in an automobile liability policy to refer to injury "caused by an unexpected happening without intention or design." Weis v. State Farm Mutual, 242 Minn. 141, 144, 64 N. W. 2d 366, 368 (1954). Accordingly, in Weis we denied coverage under similar policy language to an insured who had intentionally rammed the car of another driver. Similarly, in Langford Elec. Co. v. Employers Mutual Ind. Corp. 210 Minn. 289, 297 N. W. 843 (1941), this court refused to interpret an intentional trespass by the insured as creating a loss caused by accident.

The reasoning in Weis and Langford implicitly rejected the view now urged by the appellants that we should consider the question of accidental causation from the point of view of the injured party. Since an allegation of false arrest includes the element of intention to harm, we reject the argument that a false arrest can be considered accidental.

4. The appellants also urge this court to find that because the assault was committed by an agent of the employer without his consent it was "caused by accident" within the meaning of the policy. It is true that some courts have reasoned that an action which is an intentional tort from the point of view of the agent may be an accident because its occurrence is unforeseen by the principal. Haser v. Maryland Cas. Co. 78 N. D. 893, 53 N. W. 2d 508 (1952), is the most extreme case in this regard. The court there indicated that a rape was "caused by accident" within the meaning of the liability policy and allowed recovery from the insurer. See, also, Huntington Cab Co. v. American Fidelity & Cas. Co. 155 F. 2d 117 (4 Cir. 1946); Malanga v. Manufacturers Cas. Ins. Co. 28 N. J. 220, 146 A. 2d 105 (1958). Dicta in Weis v. State Farm Mutual, *supra,* suggests that Minnesota would adopt such reasoning in cases where intentional torts are

committed by others while driving the cars of insured parties with consent. The court in Weis, distinguishing the situation in which the insured himself commits the intentional act, stated:

"The situation would be different if someone driving plaintiff's automobile with his consent had done the things complained of here without plaintiff's knowledge. In such a case it is our opinion that defendant would be compelled to defend an action similar to the case at bar * * *." 242 Minn. 146, 64 N. W. 2d 369.

However, the language in Weis is dictum, and we are not persuaded by the reasoning in other cases cited. Most liability policies are now written to cover assault and battery, and the "personal injury" coverage available as a standard endorsement since 1966[2] includes such torts as false arrest, false imprisonment, malicious prosecution, libel, slander, wrongful entry, and eviction.

Affirmed.

---

[2] National Bureau of Casualty Underwriters, Standard General Liability Policy (1966).