**Anthony WIENEKE, Appellant,**

v.

**HOME MUTUAL INSURANCE COMPANY, Respondent.**

**No. C7-86-1093.**

Court of Appeals of Minnesota.

Dec. 23, 1986.

Review Denied Jan. 21, 1987.

Andrew P. Engebretson, Engebretson and Associates, St. Paul, for appellant.

Susan D. Thurmer, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for respondent.

Heard by WOZNIAK, P.J., and NIERENGARTEN and RANDALL, JJ.; considered and decided by the court en banc.

## OPINION

PARKER, Judge.

On cross-motions for summary judgment, the trial court found that Anthony Wieneke was not entitled to coverage under the no-fault and uninsured motorist provisions of his automobile insurance policy for injuries he sustained in a fight. We affirm.

## FACTS

In the late afternoon of June 11, 1982, Anthony Wieneke and Douglas Beedle were each driving east on Shepard Road in St. Paul. Each accuses the other of driving improperly. Eventually, the two men stopped their cars next to one another at a stoplight. Beedle got out of his car and walked to Wieneke's car, where the two exchanged heated words. While Wieneke

was still seated in his car, Beedle punched him in the face, breaking his nose. Beedle later was charged and convicted by jury trial of fourth-degree assault for his actions.

Wieneke held an automobile insurance policy with respondent Home Mutual Insurance Co. The policy included first-party, no-fault coverage and uninsured motorist coverage as follows:

PERSONAL INJURY PROTECTION COVERAGE

We will pay, in accordance with the Minnesota No-Fault Automobile Insurance Act, personal injury protection benefits for:

1. medical expenses,
2. work loss,
3. essential services expenses,
4. funeral expenses, and
5. survivors' loss

incurred for bodily injury to: an eligible injured person, caused by an accident due to the maintenance or use of a motor vehicle as a vehicle * * *.

\* \* \* \* \* \*

UNINSURED MOTORIST COVERAGE

We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of the uninsured motor vehicle.

Wieneke filed a declaratory judgment action against Home Mutual, seeking a determination that the insurer was obligated to extend coverage to him for the injuries he suffered at the hands of Beedle. The trial court granted summary judgment in favor of Home Mutual, finding that the assault was not an "accident" within the meaning of the insurance policy. The court did not address the issue of whether the assault arose out of the maintenance or use of a motor vehicle.

**ISSUE**

Did the injuries suffered by Wieneke as a result of his fight with Beedle entitle him to benefits under his insurance policy's no-fault and uninsured motorist provisions?

**DISCUSSION**

■ Wieneke's injuries did not arise out of the maintenance or use of a motor vehicle. "The mere fact that an accident occurred while the injured party was on, in or near a statutorily defined motor vehicle, of itself is not dispositive" in such cases. *Waldbillig v. State Farm Mutual Automobile Insurance Co.*, 321 N.W.2d 49, 51 (Minn.1982) (no-fault coverage denied where claimant was injured by defective engine mounted in a parked truck). The vehicle must be "something more than the mere situs of the injury." *Id.* at 52; *see also Tlougan v. Auto-Owners Insurance Co.*, 310 N.W.2d 116, 117 (Minn.1981) (no-fault coverage denied where child was injured while playing with matches in parked car).

■ An accident will be deemed to have arisen out of the maintenance or use of a motor vehicle only if the vehicle was an "active accessory" in bringing about the injury. *Holm v. Mutual Service Casualty Insurance Co.*, 261 N.W.2d 598, 603 (Minn. 1977). The vehicle's use must be actively connected with the injury. *Fire & Casualty Insurance Co. of Connecticut v. Illinois Farmers Insurance Co.*, 352 N.W.2d 798, 799 (Minn.Ct.App.1984).

Although the fistfight in this case may have been precipitated by the driving conduct of the two men, Wieneke's injuries were not actively connected to the maintenance or use of a motor vehicle. The injuries resulted from Beedle's punching him in the nose.

This case is controlled by *Holm*. In *Holm* a police officer left his squad car in order to apprehend the insured, who was injured in the process of the arrest. In that case the Minnesota Supreme Court denied coverage, stating:

[I]t would seem that the *physical* injuries [the officer] inflicted upon Holm were * * * unrelated to the "use" of the police vehicle. [The officer] had completely left the vehicle before he administered the tortious battery. The police car had served only to transport him to the scene of the incident. The battery could as easily have occurred had [the officer] come upon [Holm] while on foot.

*Holm*, 261 N.W.2d at 603 (emphasis in original).

 The same could be said in the present case. In both cases "the acts of leaving the vehicle and inflicting a battery were * * * events of independent significance which broke the causal link between the 'use' of the vehicle and the injuries inflicted." *Id.; see also Fire & Casualty Insurance*, 352 N.W.2d at 800 (in case involving accidental shooting inside a parked car, perpetrator's negligence was an act of independent significance breaking the causal link between the vehicle and the injury). Although *Holm* involved automobile liability insurance rather than no-fault or uninsured motorist coverage, we nevertheless find its rationale controlling here.

Wieneke correctly cites *Meric v. Mid-Century Insurance Co.*, 343 N.W.2d 688 (Minn.Ct.App.1984), for the proposition that an intentional tort may constitute an "accident arising out of the use or maintenance of a motor vehicle," as suffered by the insured victim, for the purpose of finding first-party coverage. However, the distinguishing facts of the present case, so similar to those of *Holm*, unequivocally establish a break in the necessary causal connection between the tortfeasor's acts causing the injury and the use of an automobile. There was no such causal break in *Meric.*

Because we find that Wieneke's injuries did not arise out of the maintenance or use of a motor vehicle, we need not determine whether the assault was an "accident" within Wieneke's policy.

## DECISION

Wieneke's injuries did not arise out of the use or maintenance of a motor vehicle,

and therefore the trial court did not err in denying coverage.

Affirmed.

POPOVICH, C.J., and LANSING, FORSBERG and NIERENGARTEN, JJ., concur.

CRIPPEN, J., dissents.

NIERENGARTEN, Judge (concurring specially).

I concur with the result reached by the majority even though it was based upon the wrong grounds. The issue of use and maintenance was not reached by the trial court. That issue was one of the bases of the summary judgment motion of Wieneke's insurance carrier but the trial court chose to only address one other bases, that is, that Wieneke's losses did not arise out of an "accident."

That being so, that is the only issue we should review, unless of course, this court wishes to totally ignore its own holding of only two years ago that "[t]he jurisdiction of an appellate court is limited to questions actually decided by a trial court." *Schafer v. Commissioner of Public Safety*, 348 N.W.2d 365, 368 (Minn.Ct.App.1984), derived in part from *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 68 n. 2 (Minn.1979) ("The trial court's record is conclusive on appeal and this court is limited to reviewing questions presented to and decided by the lower court, and to the trial court's record.").

For reasons of its own, the majority chose to slide around the "accident" issue, upon which the trial court concentrated, and slip into the "use and maintenance" issue, ignored by the trial court. I suspect the majority was worried about a conflict with *Meric v. Mid-Century Insurance Co.*, 343 N.W.2d 688 (Minn.Ct.App.1984), if it found that a punch in the nose in *Wieneke* was not an accident, but the murder in *Meric* was. But the majority anguished too much. *Meric* did not address the issue of whether the murder was an accident within the meaning of insurance coverage,

and there is a difference in the two issues. Witness the policy language:

The bodily injury must be caused by accident *and* arise out of the ownership, maintenance or use of the uninsured motor vehicle.

(emphasis added). This language suggests a two-part analysis. Since the accidental nature of injuries and the "use or maintenance" of a vehicle are separable issues, and the trial court did separate, we should stay on track with the trial court on the "accident" issue.

In fact, I think it would have been safer to do so in order to reach the result of the majority. I think one could argue that Wieneke's losses did, in fact, arise out of the maintenance or use of an automobile. After all, it was both drivers provocative conduct in maneuvering their respective vehicles that precipitated the assault. Sounds close to "use" of an automobile to me. *See Nadeau v. Austin Mutual Insurance Co.*, 350 N.W.2d 368, 371 (Minn.1984) (the use of a vehicle was a "necessary and contributing cause" of a pedestrian's injuries because the injuries would not have occurred "but for" the fact that the other party's car was being driven toward her).

On the other hand, I do not doubt for one moment that Wieneke's injuries were not caused by accident. He was punched in the nose. The assailant was convicted of fourth degree assault. That, believe me, was no accident. The day is not saved by Wieneke's argument that the accidental nature of injuries should be viewed from the "victims" point of view. This state has not yet gone so far as to adopt that viewpoint. *See Red & White Airway Cab Co. v. Transit Casualty Co.*, 305 Minn. 353, 357, 234 N.W.2d 580, 582 (1975).

We should have affirmed on the "accident" issue.

FORSBERG, Judge (concurring specially):

I also concur with the result reached by the majority. However, I would agree with the trial court that the incident is not an "accident" as required by the policy.

The Supreme Court in *Red & White Airway Cab Company v. Transit Casualty Company*, 305 Minn. 353, 234 N.W.2d 580 (1975) stated in part as follows:

*The reasoning in Weis and Langford implicitly rejected the view now urged by the appellants that we should consider the question of accidental causation from the point of view of the injured party.* Since an allegation of false arrest includes the element of intention to harm, we reject the argument that a false arrest can be considered accidental.

The appellants also urge this court to find that because the assault was committed by an agent of the employer without his consent it was "caused by accident" within the meaning of the policy. It is true that some courts have reasoned that an action which is an intentional tort from the point of view of the agent may be an accident because its occurrence is unforeseen by the principal. *Haser v. Maryland Cas. Co.*, 78 N.D. 893, 53 N.W.2d 502 (1952), is the most extreme case in this regard. The court there indicated that a rape was "caused by accident" within the meaning of the liability policy and allowed recovery from the insurer. *See, also, Huntington Cab Company v. American Fidelity & Cas. Co.*, 155 F.2d 117 (4th Cir.1946); *Malanga v. Manufacturers Cas. Ins. Co.*, 28 N.J. 220, 146 A.2d 105 (1958). Dicta in *Weis v. State Farm Mutual, supra,* suggests that Minnesota would adopt such reasoning in cases where intentional torts are committed by others while driving the cars of insured parties with consent. The court in *Weis,* distinguishing the situation in which the insured himself commits the intentional act, stated:

'The situation would be different if someone driving plaintiff's automobile with his consent had done the things complained of here without plaintiff's knowledge. In such a case, it is our opinion that defendant would be compelled to defend an action similar to the case at bar....'

242 Minn. 146, 64 N.W.2d 369.

*However, the language in Weis is dictum, and we are persuaded by the reasoning in other cases cited.*

*Id.* at 357–58, 234 N.W.2d at 582 (emphasis added).

POPOVICH, Chief Judge (concurring specially).

I concur in the result and with the special concurring opinions of Judge Forsberg and Judge Nierengarten.

It may very well be that the injuries did in fact arise out of the use and maintenance of the automobile. The trial court did not address that issue and chose to determine that the injuries were not caused by "an accident." I agree with the trial court that the incident was not an accident as required by the policy.

The Minnesota Supreme Court has not yet held that the question of accidental causation should be considered from the point of view of the injured party.

LANSING, Judge (concurring specially).

I concur in the result.

CRIPPEN, Judge, dissenting.

I respectfully dissent.

This appeal is to determine whether a driver can recover under any circumstances from his own automobile insurer when he is assaulted in the car by a stranger who thinks himself to be offended by the victim's driving conduct. Viewed most favorably to the driver, the evidence indicates he could not reasonably foresee the assault. I would reverse the summary judgment.

An unexpected happening is an accident. There is no precedent in Minnesota for our holding here. An accident victim's insurer has no established basis to maintain that the insured suffered something other than an accident because of evidence that the tortfeasor was willful. Is a person deprived of his own coverage when in a car that is deliberately rammed by a willful stranger?

Surely, an insurer for the perpetrator avoids coverage limited to accidents of the insured. *See Red & White Airway Cab Co. v. Transit Casualty Co.,* 305 Minn. 353, 357, 234 N.W.2d 580, 582 (1975). Absent the supreme court's decision that this holding governs coverage purchased by a surprised victim, the logical distinction between the cases should lead us to reverse the summary judgment against appellant.

I agree with Judge Nierengarten and Chief Judge Popovich on the issue of a use-related event. Appellant was assaulted in his car. The incident arose out of a driving experience. These were not the circumstances in *Holm v. Mutual Service Casualty Insurance,* 261 N.W.2d 598 (Minn.1977). While the tortfeasor here, as in *Holm,* departed from his car to injure appellant, the governing concepts of law do not focus singularly on the car of the tortfeasor. Appellant's injury arose from the use of his own car, which he continued to occupy when he was injured. In *Meric v. Mid-Century Insurance Co.,* 343 N.W.2d 688 (Minn.Ct.App.1984), we upheld coverage where an intentional assault was perpetrated to get possession and use of a getaway car. *Id.* at 690. But for the use of a car, appellant's injury would not have occurred. *See Nadeau v. Austin Mutual Insurance Co.,* 350 N.W.2d 368, 371 (Minn. 1984).