**Donna EYSTAD, Appellant,**

v.

**STATE FARM FIRE AND CASUALTY INSURANCE CO., and Jerry Boerner, Respondents.**

No. CX–86–1752.

Court of Appeals of Minnesota.

April 21, 1987.

Kenneth L. Hamrum, Hamrum & Hinds, Morris, for appellant.

Richard C. Hefte, Rufer & Hefte, Fergus Falls, for respondents.

Heard, considered and decided by LANSING, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

Donna Eystad brought a declaratory judgment action to determine coverage for medical expenses from respiratory problems caused by shoveling moldy grain on Jerry Boerner's farm. The trial court held that the medical payments were not incurred for a bodily injury caused by accident and entered summary judgment for the insurer. Eystad appeals and we affirm.

## FACTS

On January 12, 1986, Donna Eystad assisted her husband, a trucker, in loading his truck with grain from Jerry Boerner's farm. Boerner had hired Eystad's husband to haul the grain to an elevator in Grant County. The grain was unusually moldy and had to be broken up with shovels before it could be fed into the electric auger which Boerner provided to transfer the grain to the truck.

The air inside the bin was filled with dust particles from the moldy corn. Boerner provided an electric exhaust fan for ventilation, but the auger required the bin's only electrical outlet. Eystad unplugged the auger and ran the exhaust fan several times during the loading, but the heavy dust returned as soon as they resumed shoveling. In an effort to prevent inhaling the dust, Eystad wore a disposable filter mask over her mouth and nose, which she changed three times. Despite her precautions, she inhaled a substantial amount of dust, which caused respiratory problems requiring medical attention.

Eystad sought recovery of her medical expenses by filing a claim under Boerner's State Farm insurance policy. Although she qualified for coverage as an insured farm employee, State Farm refused coverage because it claimed her injuries were not accidental.

In Eystad's declaratory judgment action to determine coverage, the trial court found Boerner's policy did not cover Eystad's respiratory condition because it was not "bodily injury caused by accident." Eystad appeals the entry of summary judgment.

## ISSUE

Are injuries from inhaling corn mold dust while shoveling in a grain bin recoverable under an insurance policy which provides payments for "bodily injury caused by accident"?

## ANALYSIS

On appeal State Farm does not dispute that Donna Eystad's respiratory problems constitute "bodily injury" within the meaning of their policy. They maintain, and the trial court agreed, that these bodily injuries were not "caused by accident."

The term "accident" is not defined in the State Farm policy. In defining "accident" for purposes of insurance policies, courts have applied its common, ordinary meaning and generally require an unforeseen or unexpected occurrence. *See United States Mutual Accident Association v. Barry*, 131 U.S. 100, 121, 9 S.Ct. 755, 762, 33 L.Ed. 60 (1889); *Gidlund v. Benefit Association of Railway Employees*, 210 Minn. 176, 177, 297 N.W.2 710, 711 (1941).

Eystad relies on language in *Golden v. Lerch Bros.*, 211 Minn. 30, 300 N.W. 207 (1941), to support her claim that the injury was accidental. In *Golden* an employee contracted a fatal lung disease from breathing dust over a 14–year period in an unventilated work area. In explaining why the employee's injuries were tortiously, but not accidentally, caused, the court said, "[n]o inhalation of dust, unless it be so toxic as to result in acute disease, can be [an accident]." *Id.* at 37, 300 N.W. at 211. Even if we accepted this language as controlling, the facts are distinguishable.

Eystad did not suffer acute disease upon inhaling the dust. She shoveled throughout the afternoon and obtained medical attention for her breathing difficulties after the job was completed. Eystad knew the bin was filled with excessive grain dust and tried, unsuccessfully, to keep from breathing it into her lungs. She changed her filter mask three times and ran the exhaust fan when the dust grew too thick. It was not "unexpected" or "unforeseen" that she inhaled some of the dust.

The trial court did not err in its application of the common and ordinary meaning of "accident" to the facts of this case.[1] Although Eystad's injuries were potentially serious and required medical attention, they were not caused by accident. *See Cobb v. Aetna Life Insurance Co.*, 274 N.W.2d 911, 914 (Minn.1979). Her recovery, if any, must be sought in a different action. The trial court correctly determined that State Farm has a duty to defend and indemnify Boerner in any tort action arising from the incident.

## DECISION

Affirmed.

---

1. We note that Minnesota courts have not adopted the rule that the term "accident" is to be viewed from the standpoint of the victim. *See Red & White Airway Cab Co. v. Transit Casualty Co.*, 305 Minn. 353, 357, 234 N.W.2d 580, 582 (1975); *but see Edwards v. State Farm Mutual Auto Insurance Co.*, 399 N.W.2d 95, 99 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Mar. 13, 1987).