**Angelo P. RULLI, Respondent,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Appellant.**

**No. CO–91–785.**

Court of Appeals of Minnesota.

Jan. 7, 1992.

Review Denied Feb. 19, 1992.

R.D. Blanchard, William M. Hart, Meagher & Geer, Minneapolis, for appellant.

D. Patrick McCullough, McCullough, Smith & Wright, St. Paul, for respondent.

Considered and decided by LANSING, P.J., and PARKER, and KALITOWSKI, JJ.

## OPINION

LANSING, Judge.

On appeal from an award of attorney's fees for defense in a civil action, we hold that the intentional injury exclusion in the homeowner's policy, as a matter of law, absolves the insurer of its duty to defend.

## FACTS

State Farm Insurance Co. refused to defend Angelo Rulli in a suit brought against him by Shirley Kresko on the ground that Kresko alleged causes of action outside the coverage of Rulli's homeowner's insurance. Kresko alleged that Rulli kissed and fondled her, attempted to remove her clothing, and initiated other nonconsensual personal and physical contact with her during the course of their employment and social relationships. *See Kresko v. Rulli*, 432 N.W.2d 764 (Minn.App.1988), *pet. for rev. denied* (Minn. Jan 31, 1989).

The trial court dismissed Kresko's claims of sexual harassment, interference with contract, and intentional infliction of emotional distress. A jury found Rulli not liable to Kresko on her remaining claim of nonconsensual sexual assault and battery. The coverage issue was then tried on stipulated facts and the written and oral arguments of counsel. The trial court concluded that State Farm had a duty to defend and entered judgment for Rulli. State Farm appeals.

## ISSUE

Did the homeowner's insurance policy provide defense for claims of nonconsensual sexual assault and battery, sexual harassment, intentional infliction of emotional distress, and intentional interference with a contract for employment?

## ANALYSIS

Because State Farm is not bound to defend Rulli on a claim outside his policy coverage, the relevant inquiry is whether Kresko's claims were based on allegations which, if proved, fell within the indemnity coverage of Rulli's homeowner's insurance policy. *See Economy Fire & Casualty Co. v. Iverson*, 445 N.W.2d 824, 826 (Minn. 1989); *Bobich v. Oja*, 258 Minn. 287, 293, 104 N.W.2d 19, 24 (1960). State Farm has the burden to show that the pleadings and known facts place all parts of the cause of action outside the policy coverage. *See Prahm v. Rupp Constr. Co.*, 277 N.W.2d 389, 390 (Minn.1979).

Rulli's policy excludes coverage for "bodily injury or property damage which is expected or intended by the insured." Although the alleged actions are by definition

intentional, Rulli contends that the intentional injury exclusion does not apply because he did not intend the resulting injury. *See Farmers Ins. Exch. v. Sipple,* 255 N.W.2d 373, 376 (Minn.1977). Despite an insured's subjective intent, a duty to defend may still be precluded under the intentional injury exclusion if the character of the insured's act is such that the court must exclude coverage as a matter of law. *State Farm Fire & Casualty Co. v. Williams,* 355 N.W.2d 421, 424 (Minn.1984) (citations omitted).

The Minnesota Supreme Court has held in several cases that claims of nonconsensual sexual assault and battery invoke the intentional injury exclusion as a matter of law. *See, e.g., id.; Horace Mann Ins. Co. v. Independent School Dist. No. 656,* 355 N.W.2d 413 (Minn.1984); *Fireman's Fund Ins. Co. v. Hill,* 314 N.W.2d 834 (Minn.1982). Rulli seeks to distinguish these cases because they involved adults who committed nonconsensual sexual acts on children or, in the case of *Williams,* a handicapped adult. We do not agree that this is a valid distinction.

In inferring an intent to injure from an intentional act, the age or vulnerability of the person assaulted is not the determinative factor. It is the character of the nonconsensual sexual act that results in the mandatory inference. If, on the other hand, the sexual assaults were consensual, as asserted by Rulli, there would be no assault and hence no recovery. *See Williams,* 355 N.W.2d at 424.

In addition, contracts of insurance are construed to give effect to the intention of the parties as it appears from the entire contract. *Bobich,* 258 Minn. at 294, 104 N.W.2d at 24 (citations omitted). Neither the policy nor the facts provide a basis for a claim that this homeowner's insurance contract contemplated coverage against claims arising out of nonconsensual sexual assaults. *See id.*

Rulli also argues that Kresko's claim of sexual assault and battery included a charge of negligence evidenced by use of the words "wrongful" and "unlawful" in the complaint. The determination of whether a duty to defend exists is not defined solely by the way in which the claim is characterized in the underlying lawsuit. *Farmers Union Oil Co. v. Mutual. Serv. Ins. Co.,* 422 N.W.2d 530, 533 (Minn.App.1988) (citations omitted). Kresko's allegation that the acts of Rulli were "wrongful" and "unlawful" is irrelevant when the elements of her claim for relief invoke the intentional injury exclusion as a matter of law. *See Red & White Airway Cab Co. v. Transit Casualty Co.,* 305 Minn. 353, 234 N.W.2d 580 (1975).

Kresko's causes of action for disparate treatment sexual harassment, intentional infliction of emotional distress, and intentional interference with a contract for employment include, as a necessary element of proof, intent to injure. *See Jostens Inc. v. CNA Ins., Continental Casualty Co.,* 336 N.W.2d 544, 545 (Minn.1983); *Hubbard v. United Press Int'l,* 330 N.W.2d 428, 438–39 (Minn.1983); *Furlev Sales & Assocs. Inc. v. North Am. Automotive Warehouse, Inc.,* 325 N.W.2d 20, 25 (Minn. 1982). Accordingly, the intentional injury exclusion also applies to those claims as a matter of law.

### DECISION

The decision of the trial court is reversed and remanded for judgment to be entered for the insurer.

Reversed and remanded.