**AETNA LIFE AND CASUALTY COMPANY, Plaintiff,**

**v.**

**Peter M. BARTHELEMY, et al., Defendants.**

**No. 3:CV–92–0945.**

United States District Court, M.D. Pennsylvania.

Oct. 19, 1993.

John L. McIntyre, Pfaff, McIntyre, Dugas & Hartye, Hollidaysburg, PA, for plaintiff.

Lee G. Nollau, Jubelirer, Rayback, Nollau, Walsh, Young and Blanarik, Inc., State College, PA, for defendants Barthelemys.

Ralph B. Pinskey, Pinskey & Foster, Harrisburg, PA, for defendant McSparran.

## *MEMORANDUM*

McCLURE, District Judge.

### *BACKGROUND*

This declaratory judgment action [1] was initiated by a complaint filed by plaintiff Aetna Life and Casualty Company (Aetna) against defendants Peter M. Barthelemy, Carolyn M. Barthelemy, Michael Barthelemy, and Vicki McSparran. This action involves a dispute over coverage under a homeowner's insurance policy (policy no. 233 SQ 30353658 PCS) [2] issued by Aetna to Peter and Carolyn Barthelemy. The Barthelemys assert an obligation on the part of Aetna to defend and indemnify their son, Michael, in a tort action filed against him by McSparran in the Court of Common Pleas of Centre County, Pennsylvania.[3] McSparran alleges in the underlying action that Michael Barthelemy induced her to drink alcohol and raped her while she was under the influence of alcohol. The alleged

---

1. The Declaratory Judgment Act, 28 U.S.C. § 2201. Subject matter jurisdiction is diversity based. 28 U.S.C. § 1332.

2. A copy of the policy is attached to record document no. 57 as exhibit "A".

3. Pennsylvania State University is also named a defendant in the Centre County action filed to Civil No. 91–240. McSparran alleges a section 1983 claim against the university.

A copy of the complaint filed in the underlying state court action is attached to record document no. 57 as exhibit "B".

sexual assault took place in Barthelemy's dormitory room at Pennsylvania State University (PSU), State College, Pennsylvania, where both he and McSparran were students at the time.

Before the court are five motions: 1) a motion by McSparran to clarify the court's order dated May 21, 1992; 2) a motion by Aetna to strike McSparran's objections to interrogatories and requests for production of documents propounded by Aetna and to compel responses; 3) a motion by the Barthelemys to compel discovery responses from McSparran; 4) a motion for summary judgment filed by Aetna; and 5) a motion for summary judgment filed by McSparran.

For the reasons which follow, we will enter an order: 1) granting McSparran's motion to clarify[4] and clarifying the order dated May 21, 1992 to indicate that both Aetna's duty to defend and its duty to indemnify will be decided in this action; 2) denying as moot Aetna's motion to strike[5] McSparran's objections to interrogatories and requests for production of documents propounded by Aetna; 3) denying as moot the motion by the Barthelemys to compel discovery[6] from McSparran; 4) granting Aetna's motion for summary judgment[7]; and 5) denying the motion for summary judgment filed by McSparran.[8]

## DISCUSSION

### Motion to clarify

■ McSparran seeks clarification of the court's order dated May 21, 1993 on the issues to be decided in this action. McSparran argues that the court intended to, and should, limit the issues in this action to the question of whether Aetna has a duty to defend Michael Barthelemy in the underlying state court action and leave to another day, the question of its duty to indemnify Barthelemy. She contends that the indemnity issue is not ripe for adjudication until a judgment has been entered against Barthelemy and that any decision on that issue by this court prior to final disposition of her claims against Barthelemy in state court would be improper

since it would require this court to decide factual issues to be tried before a jury in state court. She is wrong on both counts.

Both issues will be decided by this action. The central issue before this court is the duty owed by Aetna to its insureds under the terms of the policy. Resolution of that question turns on the language of the policy, the claims asserted against Barthelemy, and the nature of his alleged conduct, not on the truth or falsity of the claims asserted. Determining coverage does not require this court to decide factual issues yet to be decided by a jury in state court. There is, therefore, no incompatibility with and no deterrent against this court deciding the issues before it independent of disposition of the issues raised in state court.

### Discovery motions

McSparran has refused to respond to any discovery request propounded by Aetna or the Barthelemys on the ground that the information sought is irrelevant since this action pertains only to Aetna's duty to defend Michael Barthelemy, and that issue turns solely on the allegations of her complaint in the state court action and on the terms of the Barthelemys' policy. We have rejected those contentions. As stated above, Aetna's alleged duty to indemnify is also at issue in this case. However, no additional information will have any bearing on the court's decision on the summary judgment motions. In view of the decision in favor of Aetna, both discovery motions will be denied as moot.

### Motion for summary judgment standard

Both McSparran and Aetna have moved for summary judgment. Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

---

4. Record document no. 49.

5. Record document no. 53.

6. Record document no. 55.

7. Record document no. 57.

8. Record document no. 62.

... [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The moving party bears the initial responsibility of stating the basis for its motions and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. He or she can discharge that burden by "showing ... that there is an absence of evidence to support the nonmoving party's case." *Celotex, supra,* 477 U.S. at 323 and 325, 106 S.Ct. at 2552 and 2554.

Issues of fact are " 'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph,* 842 F.2d 689, 693–94 (3rd Cir.1988), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Material facts are those which will affect the outcome of the trial under governing law. *Anderson, supra,* 477 U.S. at 248, 106 S.Ct. at 2510. In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Company,* 862 F.2d 56, 59 (3rd Cir.1988).

### Duty to defend and indemnify

■ This action is governed by Pennsylvania insurance law.[9] The duty to defend depends on the nature of the allegations in the underlying action, not the ultimate resolution of disputed factual issues. An insurer is obligated to defend an action filed against its insured if the allegations may come within policy coverage unless and until the insurer can confine the claim to a recovery outside the bounds of coverage. *Imperial Casualty & Indemnity Co. v. High Concrete Structures, Inc.,* 858 F.2d 128, 131–32 (3d Cir. 1988) (applying Pennsylvania law); *Standard Venetian Blind Company v. American Empire Insurance Company,* 503 Pa. 300, 469 A.2d 563, 566 (1984); and *Harford Mutual Insurance Co. v. Moorhead,* 396 Pa.Super. 234, 578 A.2d 492, 494 (1990).

■ The duty to defend is "dependent upon the derivative question of coverage.... [W]hile an insurer is not required to defend an insured in every claim brought against it, an insurer must defend in any suit in which there exists *actual or potential* coverage." *Id.* Any doubts regarding the insurer's duty to defend must be resolved in favor of the insured, *American Contract Bridge v. Nationwide Mutual Fire Insurance,* 752 F.2d 71, 76 (3d Cir.1985) and *D'Auria v. Zurich Insurance Company,* 352 Pa.Super. 231, 507 A.2d 857 (1986). If coverage exists for any claim alleged, the insurer is obliged to provide a defense against the entire action, not just as to those claims for which coverage may exist.

■ The duty to indemnify is narrower than the duty to defend. There may be a duty to defend even though ultimately there may be no duty to indemnify. *Allstate Insurance Company v. J.H. France Refractories Company,* 626 A.2d 502, 509 (Pa.1993)

---

**9.** Choice-of-law decisions are governed by the choice-of-law rules of the forum state. *Klaxon v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Pennsylvania choice-of-law rules require application of the substantive law of Pennsylvania. *Griffith v. United Air Lines,* 416 Pa. 1, 203 A.2d 796 (1964).

In this instance, Pennsylvania choice-of-law rules require application of Pennsylvania law. All relevant events took place in Pennsylvania. The policy was issued here, the alleged assault occurred here, and all parties, with the exception of Aetna, are Pennsylvania residents. *Id.* Moreover, no party contends that the law of any other state applies.

and *Youngman v. CNA Insurance Company,* 401 Pa.Super. 381, 585 A.2d 511, 514 (1991).

▮ Whether a duty to indemnify arises depends upon the type of claim in issue. The inquiry into whether a loss is within policy coverage is a question of law and may be decided by motion for summary judgment. *Solcar Equipment Leasing Corp. v. Pennsylvania Manufacturers' Association Insurance Co.,* 414 Pa.Super. 110, 606 A.2d 522, 527 (1992).

### Wiley v. State Farm

The Barthelemys' policy contains the standard exclusion clause for harm brought about by intentional conduct on the part of the insured. Coverage is excluded by the policy for any bodily injury "which is expected or intended by any insured". (See: record document no. 57, exhibit "A"—Homeowners 3 Special Form 12/86, page 14). Aetna argues that this exclusion applies to bar any duty to defend or indemnify Michael Barthelemy in the underlying state action.

The Third Circuit Court of Appeals recently analyzed the applicability of the standard intentional harm exclusion in the context of a sexual assault on a minor allegedly committed by an insured. In *Wiley v. State Farm Fire & Casualty Co.,* 995 F.2d 457 (3d Cir. 1993), the Third Circuit affirmed the district court's ruling that the applicable insurance policy provided no coverage under Pennsylvania law for claims arising out of such conduct. The court predicted that in this context, the Pennsylvania Supreme Court would reject the subjective intent test applied in general liability cases, see *United Services Automobile Association v. Elitzky,* 358 Pa.Super. 362, 517 A.2d 982, 989–91 (Pa.Super.1986), *appeal denied,* 515 Pa. 600, 528 A.2d 957 (1987), in favor of the inferred intent rule applied by the majority of jurisdictions in the case of sexual assaults perpetrated on a minor by an adult insured. *Wiley, supra,* 995 F.2d at 460–465. Accord: *Foremost Insurance Co. v. Weetman,* 726 F.Supp. 618, 621–22 (W.D.Pa.1989), *aff'd without opin,* 904 F.2d 694 (3d Cir.1990).

The inferred intent rule raises "a conclusive presumption of the insured's intent to harm the victim, regardless of the insured's assertions of a subjective lack of intent to harm." *Wiley, supra,* 995 F.2d at 465. The intent to harm is inferred as a matter of law from commission of the act. Because it operates as a conclusive presumption of intent to harm, application of the rule automatically precludes insurance coverage under the intentional tort exception. *Id.*

Floyd Wiley, the adult-insured, suffered from chronic alcoholism and was intoxicated when the assaults occurred, requiring the Third Circuit also to consider the effect of his intoxication on the intent issue. The Third Circuit held that application of the inferred intent rule subsumed "any need for a separate inquiry into capacity", making Wiley's intoxication irrelevant. The court stated: " 'Where the intent to injure is inferred as a matter of law from the nature of the acts committed, the subjective ... intent of the insured to cause injury is irrelevant.' " *Wiley, supra,* 995 F.2d at 468, quoting *Allstate Insurance Co. v. Roelfs,* 698 F.Supp. 815, 820–21, n. 6–7. "Once subjective intent is deemed irrelevant, an actor who is unable to form the intent to harm is indistinguishable from one who could have formed the intent but claims he or she did not." *Id.* at 467. On that basis, the Third Circuit concluded that Wiley's alleged intoxication and alcoholism had no bearing on the issues before the court.

Wiley is factually similar to the case *sub judice* in some, but not all, respects. In *Wiley, supra,* the alleged victim was a minor, and there was no contention that the child had consented. Criminal charges were filed against Wiley in state court, and he pled guilty to one count of indecent assault and one count of corrupting the morals of a minor. The child's parents filed a civil action against Wiley alleging causes of action in negligence and intentional tort. In a declaratory judgment action filed against State Farm, his homeowner's insurance carrier, Wiley contended that it had a duty to defend and indemnify him in the civil action. The intentional nature of Wiley's conduct was not in dispute, although the parties disagreed on the question of his intent to inflict harm on the minor. The district court granted sum-

mary judgment in favor of Aetna, finding that it had no duty to defend or indemnify Wiley. On appeal, the Third Circuit affirmed.

The following undisputed facts are relevant in comparing this action to *Wiley, supra:* No state criminal charges were filed against Michael Barthelemy. McSparran alleges three cause of action against Michael Barthelemy in the underlying state action: 1) battery (Count I); 2) negligent and reckless conduct (Count II); and 3) negligent infliction of emotional distress (Count III), all based on allegations of nonconsensual sexual intercourse. Both McSparran and Barthelemy were at least eighteen-years of age at the time of the alleged assault. Both were allegedly under the influence of alcohol at the time. Finally, Barthelemy contends that McSparran consented to sexual intercourse with him.

*Wiley, supra,* decided only the applicability of the inferred intent doctrine to cases of sexual molestation of a minor. Here, since both McSparran and Barthelemy were both at least eighteen years of age when the alleged assault occurred, we are required to predict whether the Pennsylvania Supreme Court would apply the inferred intent rule to cases in which the alleged victim has reached the age of majority or would adhere to the subjective intent rule followed in other cases. In general liability cases, Pennsylvania law requires a showing of subjective intent to inflict injury or harm on the part of the insured before coverage is precluded under the standard intentional tort exception. *Elitzky, supra. Wiley, supra,* predicted a departure from that general rule in keeping with the trend followed by a majority of state courts.

Whether that departure would be extended to include cases of sexual assault by an insured against an adult has not yet been decided by the Pennsylvania or the federal courts. Based on the Third Circuit's rationale for application of the inferred intent rule in child sexual assault cases, we predict that the Pennsylvania Supreme Court would apply the same doctrine to cases of sexual assault perpetrated on an adult.

The Third Circuit's reasons for predicting adoption of the inferred intent rule in cases of child molestation are no less persuasive when the alleged victim is an adult. Like sexual contact with a child, sexual assault of an adult is a crime. See: 18 Pa.Cons.Stat. Ann. §§ 3121–3127. The fact that the alleged conduct at issue is a crime impacts the analysis in two ways. It places the insured on notice of " 'the societal understanding that the harm from such conduct is inseparable from its performance.' " *Wiley, supra,* 995 F.2d at 464, quoting *Allstate Insurance Co. v. Mugavero,* 79 N.Y.2d 153, 581 N.Y.S.2d 142, 589 N.E.2d 365, 369 (1992). Second, it is a fundamental tenet of insurance law that providing insurance against the commission of a crime is impermissible as a violation of public policy. See: *Altena v. United Fire and Casualty Company,* 422 N.W.2d 485, 490 (Iowa 1988).

The object of construing insurance contracts is to give effect to the intentions of the parties in entering into the contract. Obtaining coverage for the commission of a criminal act is not within the contemplation of the average purchaser of homeowner's insurance. Criminal acts of this nature are not risks for which the average purchaser of homeowner's insurance would expect coverage to exist. *Wiley, supra,* 995 F.2d at 464; *Altena, supra,* 422 N.W.2d at 490; *Rodriguez v. Williams,* 42 Wash.App. 633, 713 P.2d 135, 137–38 *aff'd en banc,* 107 Wash.2d 381, 729 P.2d 627 (1986) and *Rulli v. State Farm Fire and Casualty Company,* 479 N.W.2d 87, 89 (Minn.Ct.App.1992).

An adult is no less likely than a child to suffer serious physical, emotional and psychological harm as a result of a sexual assault. *Altena, supra,* 422 N.W.2d at 490 and *Rodriguez, supra,* 713 P.2d at 137–38. See also: *Western National Assurance Co. v. Hecker,* 43 Wash.App. 816, 719 P.2d 954, 960 (1986). As the Minnesota Court of Appeals stated in *Rulli, supra,* 479 N.W.2d at 89:

In inferring an intent to injure from an intentional act, the age or vulnerability of the person assaulted is not the determinative factor. It is the character of the nonconsensual sexual act that results in the mandatory inference.

*Id.,* citing *State Farm Fire & Casualty Co. v. Williams,* 355 N.W.2d 421, 424 (Minn.1984). Cf. *Houg v. State Farm Fire and Casualty Company,* 481 N.W.2d 393, 394 (Minn.Ct. App.1992) ("intent to injure may be inferred when the insured is alleged to have used a position of authority over a vulnerable person to facilitate sexual abuse")

Insurance contracts are construed to give effect to the parties' intentions in entering into the contract. A charge of sexual assault, on an adult or a child, is certainly not a risk which the average homeowner's policyholder would expect to be covered under his policy. *Wiley, supra,* 995 F.2d at 464; *Altena, supra,* 422 N.W.2d at 490; *Rodriguez, supra,* 713 P.2d at 137–38 and *Rulli, supra,* 479 N.W.2d at 89. Compare: *Alber v. Farm Bureau Mutual Insurance Company of Michigan,* 441 Mich. 886, 492 N.W.2d 246 (Mich.1992) (in case involving "consensual" sexual intercourse with "mildly-retarded" twenty-seven year old woman, Michigan Supreme Court held that "there was no 'occurrence' giving rise to liability on the part of the insurer").

Finally, this is not the only decision to apply the inferred intent rule to cases of sexual assault perpetrated on an adult. Other jurisdictions have held the rule applicable in such cases for essentially the same reasons cited by the Third Circuit in *Wiley, supra,* for applying it in cases of sexual assault perpetrated on a minor. In *Altena, supra,* 422 N.W.2d at 490, the Iowa Supreme Court held that an adult's intent to injure a twenty-one-year old whom he had allegedly sexually assaulted could be inferred as a matter of law. In *State Farm Fire & Casualty Co. v. Williams, supra,* the Supreme Court of Minnesota likewise refused to distinguish cases applying the inferred intent rule on the ground that the victim was a minor. Williams, a physically handicapped adult student, was sexually assaulted by his professor. See also: *Western National Assurance Co. v. Hecker, supra,* (no coverage for alleged sexual assault of adult); *Terrio v. McDonough,* 16 Mass.App. 163, 450 N.E.2d 190 (sexual assault and battery and nonsexual assault and battery inflicted upon adult), *review denied,* 390 Mass. 1102, 453 N.E.2d 1231 (1983); and *Frankenmuth Mutual Insurance Co. v.*

*Kompus,* 135 Mich.App. 667, 354 N.W.2d 303 (1984) (psychiatrist sexually assaulted adult patients), *appeal denied,* (Mich. Feb. 28, 1985).

The non-consensual nature of the acts allegedly committed against McSparran distinguish this case from those in which federal and state courts have declined to apply the inferred intent rule on the ground that consensual sexual intercourse between consenting adults cannot reasonably be expected to result in injury. See, e.g., *Loveridge v. Chartier,* 161 Wis.2d 150, 468 N.W.2d 146, 151 (1991) (Wisconsin Supreme Court held that no inference of intent to harm could be drawn from adult insured's sexual contact with seventeen-year-old); *State Farm Fire & Casualty Co. v. Eddy,* 218 Cal.App.3d 958, 267 Cal.Rptr. 379 (1990) (intent to injure would not be inferred as a matter of law in a case of voluntary intercourse between consenting adults) and *North Star Mutual Insurance Company,* 431 N.W.2d 138 (Minn.Ct. App.1988) (same).

Based on the foregoing and for essentially the same reasons as are stated by the Third Circuit in *Wiley, supra,* we predict that the Pennsylvania Supreme Court would apply the inferred intent rule in cases involving the alleged sexual assault of an adult.

### Summary judgment in favor of Aetna

▮ Application of the inferred intent rule compels a finding that no genuine issue of material fact exists in this case and mandates summary judgment in favor of Aetna. Adoption of the rule makes Barthelemy's subjective intent and his alleged intoxication irrelevant as a matter of law.

▮ Barthelemy's defense of consent does not raise a genuine issue of material fact to preclude summary judgment on the coverage/indemnity issues now before us. If the finder of fact in state court decides that McSparran consented to sexual intercourse with Barthelemy, she will have no right to recover under any of the causes of action alleged. A verdict in Barthelemy's favor renders the issue of coverage moot. See: *Altena, supra,* 422 N.W.2d at 487; *Rulli, supra,* 479 N.W.2d at 89 and *State Farm*

*Fire & Casualty Company v. S.S. & G.W.,* 858 S.W.2d 374 (Texas 1993) (Supreme Court of Texas refused to infer intent to harm in a case involving sexual contact between consenting adults).

If, on the other hand, it is determined by the finder of fact in state court that McSparran did not consent, the intentional nature of Barthelemy's conduct and operation of the inferred intent rule nevertheless compel the conclusion that no coverage or duty to defend or indemnify exists.

*      *      *

An order will be issued consistent with this memorandum.

### *ORDER*

For the reasons stated in the foregoing memorandum, IT IS ORDERED THAT:

1. The motion to strike [1] defendant Vicki McSparran's objections to interrogatories and requests for production of documents propounded by plaintiff Aetna Life and Casualty Company (Aetna), which was filed by Aetna, is denied as moot.

2. Defendant McSparran's motion for clarification of the court's order dated May 21, 1993 is granted.[2] The order is clarified to indicate that both Aetna's duty to defend and its duty to indemnify will be decided in this action.

3. The motion filed by defendants Peter M. Barthelemy, Carolyn M. Barthelemy, Michael Barthelemy to compel discovery [3] from McSparran is denied as moot.

4. Aetna's motion for summary judgment is granted.[4]

5. McSparran's motion for summary judgment is denied.[5]

6. Judgment is entered in favor of Aetna and against all defendants based on the court's finding that no coverage exists under the homeowner's insurance policy (policy no. 233 SQ 30353658 PCS) issued by Aetna to defendants Peter and Carolyn Barthelemy.

Aetna has no duty to defend or indemnify Michael Barthelemy for any verdict recovered against him in the underlying state court action.

7. The Clerk of Court is directed to close this file.

---

1. Record document no. 53.

2. Record document no. 49.

3. Record document no. 55.

4. Record document no. 57.

5. Record document no. 62.