William E. RAMHARTER, Personal Representative of the Estate of William E. Ramharter, Jr., Plaintiff-Appellant,

v.

SECURA INSURANCE, a mutual insurance company, Respondent,

Theodore John ANDERSON, Defendant-Co-Appellant.

Court of Appeals

*No. 90-1499-FT. Submitted on briefs October 23, 1990.—Decided November 27, 1990.*

(Also reported in 463 N.W.2d 877.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Eric J. Wahl* of *Wiley, Rasmus, Wahl, Colbert, Norseng & Cray, S.C.* of Eau Claire.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Richard D. Duplessie* of *Wilcox, Wilcox, Duplessie, Westerlund & Enright* of Eau Claire.

On behalf of the defendant-co-appellant and the plaintiff-appellant, the cause was submitted on the joint reply brief of *Barry C. Lundeen* of *Gilbert, Mudge, Porter & Lundeen* of Hudson, and *Eric J. Wahl* of *Wiley, Rasmus, Wahl, Colbert, Norseng & Cray, S.C.* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Theodore Anderson and William Ramharter, personal representative of the estate of William Ramharter, Jr. (William), appeal the trial court's grant of summary judgment dismissing Secura Insurance.[1] The court found that William's automobile and homeowner's insurance policies did not cover the inju-

---

[1] This is an expedited appeal under Rule 809.17, Stats.

ries Anderson allegedly suffered as a witness to William's murder of his former wife and his suicide. Anderson and Ramharter contend that the undisputed facts give rise to competing inferences, and thus summary judgment was not appropriate. We conclude that no reasonable person would expect an automobile or homeowner's insurance policy to provide coverage for a bystander's emotional distress resulting from witnessing the insured's intentional commission of a murder-suicide.

The pleadings in this case relate to a declaratory judgment action brought by Ramharter to determine coverage under two Secura policies in William's name. Both the homeowner's and the automobile insurance policies contained an exclusion for bodily injury or property damage "expected or intended" by the insured.[2]

The parties entered into a stipulation of fact for purposes of the declaratory judgment action. The stipulation provided that the following facts were true and undisputed: Maxine Ramharter was driving her car west on I-94 in St. Croix County. She was followed by her former husband, William, in a pickup truck. William fired a shot from a handgun at Maxine while they were driving. Maxine pulled her car off onto the shoulder of the road, left the car and attempted to run away. William left his pickup, shot and killed Maxine and then took his own life.

---

[2]Because we determine the issue of coverage on the basis of the reasonable expectations of the insured when entering into an automobile or homeowner's insurance contract, we do not address the trial court's finding that there is no coverage under the automobile policy because Anderson's injuries did not flow from the "use" of the automobile. Similarly, we do not address the court's conclusion that the events leading up to Anderson's injuries were not an "occurrence" as defined in the policy. *See Sweet v. Berge,* 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983).

Anderson was also westbound on I-94, driving a semi-tractor and trailer. He observed William chasing Maxine and saw him shoot at her from his moving pickup. He saw both get out of their cars, and then tried to run William down with his semi. He missed William, but did extensive damage to William's pickup. William killed Maxine moments later.

Anderson filed a claim against William's estate seeking to recover for the infliction of emotional distress, which he claims was caused by William's conduct described above.[3] Ramharter tendered the defense of Anderson's claim to Secura, which refused to accept the tender.

Appellate review of a grant of summary judgment is de novo, and we apply the same methodology as the trial court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987); *see also In re Cherokee Park Plat,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582 (Ct. App. 1983).

Anderson and Ramharter concede there is no question that William intended to injure Maxine. They further concede that had Maxine survived William's attack, there would be no coverage under the Secura policies for any injuries she sustained, even if those injuries were different in character or magnitude from the harm intended. *See Raby v. Moe,* 153 Wis. 2d 101, 111, 450 N.W.2d 452, 455 (1990) (citing *Pachucki v. Republic Ins. Co.,* 89 Wis. 2d 703, 714, 278 N.W.2d 898, 904 (1979)). But, they argue, the injury to Anderson in the form of emotional distress was not "substantially certain to follow," *id.,* from William's conduct and so the question of

---

[3]The record does not include Anderson's pleadings in the underlying action against William's estate, and we express no opinion on the merits of his claims against the estate itself.

intent to cause those injuries should not have been decided on summary judgment. *See Poston v. United States Fid. & Guar. Co.,* 107 Wis. 2d 215, 222–23, 320 N.W.2d 9, 13 (Ct. App. 1982). We disagree.

In *K.A.G. v. Stanford,* 148 Wis. 2d 158, 434 N.W.2d 790 (Ct. App. 1988), we noted that an analysis of the reasonable expectations of an insured when entering into an insurance contract containing an exclusion clause for injuries intentionally inflicted is based upon sound legal principles. *Id.* at 165–66, 434 N.W.2d at 793; *see also Rodriguez v. Williams,* 713 P.2d 135, 138 (Wash. Ct. App. 1986), *aff'd,* 729 P.2d 627 (Wash. 1986); *Altena v. United Fire & Cas. Co.,* 422 N.W.2d 485, 490 (Iowa 1988). We adopted that same analysis in *Hagen v. Gulrud,* 151 Wis. 2d 1, 442 N.W.2d 570 (Ct. App. 1989). While *K.A.G.* and *Hagen* each address coverage for damages resulting from sexual misconduct where injury was caused to the individual directly assaulted, we conclude that a similar analysis is appropriate where injuries are caused to a bystander who witnesses a murder-suicide. The trial court here found that "[t]here could be no reasonable expectation of coverage by SECURA or Ramharter, especially given his conduct." We concur.

An examination of William's reasonable expectations when entering into a contract of insurance that specifically excluded intentionally caused injuries is instructive. The parties agree that William could not have understood the policy to cover any injury of whatever nature to Maxine. There is no reason then, in our view, why he would have reasonably expected coverage for injuries to a bystander who is not shot during the act, but who experiences emotional distress from witnessing the intentional act of murder-suicide.

356

Because no reasonable person would expect an automobile or homeowner's insurance policy to provide coverage for damages resulting from the insured's intentional commission of a murder-suicide, and because Anderson's alleged emotional distress resulted from William's commission of that act, Secura was properly dismissed from the suit. The trial court's grant of summary judgment is affirmed.

*By the Court.*—Judgment affirmed.