Robert PROSSER, Plaintiff-Appellant,

v.

Richard A. LEUCK and Cedarburg Mutual Insurance Company, Defendants-Respondents. †

Court of Appeals

*No. 95–0688. Submitted on briefs July 31, 1995.—Decided September 6, 1995.*

(Also reported in 539 N.W.2d 466.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Michael J. Neitzke* of *Novitzke, Gust & Sempf* of Amery.

For the defendants-respondents the cause was submitted on the brief of *H. Ben Levy* of *Levy & Levy, S.C.* of Cedarburg.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Robert Prosser appeals a judgment dismissing his complaint against Richard A. Leuck and Leuck's insurer, Cedarburg Mutual Insurance Company. Prosser sought damages resulting from a fire in his warehouse which thirteen-year-old Leuck caused while trespassing and engaging in horseplay in the warehouse. Prosser contends that the trial court erred when it dismissed his complaint following a jury verdict based upon the principles of fortuity, concluding that no reasonable person would anticipate insurance coverage for Leuck's acts. Because we conclude that the

principles of fortuity do not preclude Prosser's recovery from Cedarburg, we reverse the judgment and direct judgment be entered for Prosser based upon the jury verdict.

Prosser owned a warehouse in Turtle Lake, Wisconsin. Leuck and two other minors entered the warehouse by climbing onto the roof and pushing open a window. The juveniles intentionally broke into the building without Prosser's consent and intentionally damaged various items of personal property located within the warehouse. Leuck and Allen H., one of the minors, found a gasoline can, a cigarette lighter and a small plastic bottle in the warehouse. After filling the bottle with gasoline, they poured a couple of drops of gasoline the approximate size of a quarter on the concrete window sill of the upper floor and ignited them. While the gasoline was burning on the window sill, Allen sprinkled more gasoline onto the fire causing the flames to rise. When the flames rose, they burned his hand causing him to drop the then burning bottle at Leuck's feet. Leuck then kicked the burning bottle down a hole in the floor to the first floor. The fire quickly spread and caused extensive damage to the warehouse and its contents.

Leuck was an insured under his parents' homeowner's policy with Cedarburg. Prosser filed suit against Leuck and Cedarburg, and Cedarburg argued that the intentional act exclusion within the policy barred coverage. The trial court refused to grant summary judgment to Cedarburg based upon the intentional act exclusion contained within the policy. The trial court then entered an order to bifurcate the proceedings between the coverage issue and the liability and damages issues.

The jury found that Leuck did not intend to cause damage to the warehouse by means of fire. Following the jury verdict, the trial court concluded that based upon principles of fortuity Cedarburg was entitled to judgment notwithstanding the verdict and dismissed Prosser's complaint against Cedarburg.

The single issue presented for resolution is whether the principles of fortuity preclude Prosser from recovering from Cedarburg, Leuck's insurer.

> [T]he "principle of fortuitousness". . . is, that insurance covers fortuitous losses and that losses are not fortuitous if the damage is intentionally caused by the insured. Even where the insurance policy contains no language expressly stating the principle of fortuitousness, courts read this principle into the insurance policy to further specific public policy objectives including . . . (4) maintaining coverage of a scope consistent with the reasonable expectations of the contracting parties on matters as to which no intention or expectation was expressed. Keeton, *Insurance Law*, sec. 5.3(a), p. 279 (1971).

*Hagen v Gulrud*, 151 Wis. 2d 1, 4, 442 N.W.2d 570, 572 (Ct. App. 1989) (citing *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 483-84, 326 N.W.2d 727, 738 (1982)).

The application of a legal standard to a set of facts is a question of law which we determine without deference to the trial court. *Kimberly-Clark Corp. v. LIRC*, 138 Wis. 2d 58, 66, 405 N.W.2d 684, 688 (Ct. App. 1987).

Cedarburg argues that the principles of fortuity enunciated in *K.A.G. v. Stanford*, 148 Wis. 2d 158, 434 N.W.2d 790 (Ct. App. 1988), and *Hagen* compel the trial court's conclusion that no reasonable insured would expect insurance coverage for damages resulting

from a thirteen year old's horseplay. We disagree. In both *K.A.G.* and *Hagen*, we dealt with principles of fortuity based upon sexual assaults committed by the insured. In *K.A.G.*, we concluded that the intentional act exclusion in the policy applied because the intentional act of sexual assault was of a nature that the intent to harm could be inferred as a matter of law without regard to the actual subjective beliefs in the mind of the insured at the time he committed the acts.[1] *Id.* at 164, 434 N.W.2d at 793. However, we also noted that the trial court's analysis, that coverage should be denied because no reasonable person would expect coverage for damages resulting from the defendant's intentional sexual misconduct, was based upon sound legal principles and presented a viable alternative analysis. *Id.* at 165-66, 434 N.W.2d at 793.

In *Hagen*, we adopted that same analysis holding that insurance coverage for injuries arising out of a nonconsensual sexual assault was not within the reasonable expectations of the contracting parties. *Id.* at 7, 442 N.W.2d at 573. We concluded that because there was no coverage as a matter of law, the jury's finding that the defendant had not intentionally caused injuries to the plaintiff was irrelevant. *Id.* Because it is good public policy to deter sexual assaults, we did "not want to remove any deterrence that the threat of a money judgment provides." *Id.*

---

[1] In Wisconsin, an intentional acts exclusion applies only where the insured acts intentionally and intends some harm or injury to follow from the act. *Loveridge v. Chartier*, 161 Wis. 2d 150, 168, 468 N.W.2d 146, 150 (1991). In *K.A.G. v. Stanford*, 148 Wis. 2d 158, 434 N.W.2d 790 (Ct. App. 1988), the defendant did not deny intending the act but did deny that he intended to harm the plaintiff.

The principles of fortuity were also applied in *Ramharter v. Secura Ins.*, 159 Wis. 2d 352, 463 N.W.2d 877 (Ct. App. 1990). In that case, the plaintiff claimed damages for emotional injuries he suffered from witnessing a murder-suicide. The insured was the individual who committed the murder and then took his own life. Once again, the court was dealing with an intentional criminal act when it concluded that no reasonable insured would expect coverage given the conduct. *Id.* at 356, 463 N.W.2d at 879.

Thirteen-year-old Leuck's act of playing with fire is far removed from the intentional criminal acts of sexual assault and murder. It is imperative to recognize that, although the juveniles' intent was disputed, the jury determined that the fire resulted from the juveniles' negligent acts. An insured reasonably anticipates coverage for negligent conduct when he purchases insurance. There is no public policy that would support the trial court's conclusion to the contrary. These damages are neither so remote as not to be within the contemplation of the parties at the time the policy was purchased, nor, based on the jury's findings, was the damage resulting from the juvenile's conduct intended. Under these circumstances, the court erred when it invoked the doctrine of fortuity to preclude insurance coverage for the negligent acts of the juvenile.

Cedarburg further contends that the court properly concluded that no reasonable insured would expect coverage considering the totality of the circumstances because the intentional acts exclusion in the policy applied under *Pachucki v. Republic Ins. Co.*, 89 Wis. 2d 703, 278 N.W.2d 898 (1979). The interpretation of an

insurance policy presents a question of law which we determine independent from the trial court. *Hagen*, 151 Wis. 2d at 3, 442 N.W.2d at 571. Appellate courts should construe an insurance policy as a reasonable person in the position of the insured would understand it. *Id.*

The court in *Pachucki* recognized that two requirements must be met for an intentional loss exclusion to apply: (1) the insured must intentionally act, and (2) the insured must intend some injury or harm from that act. *Id.* at 710, 278 N.W.2d at 902. *Pachucki* stands for the proposition that when some harm is intended and a greater harm was substantially certain to follow, the intent of the greater harm will be inferred. *Id.* at 712-13, 278 N.W.2d at 903.

Cedarburg contends that the requirement of "intent to harm" was met by Leuck's admission of intent to damage property in the warehouse by means other than fire and by Leuck's admission that he expected some minor harm would result from starting the fire, such as a black stain on the concrete window sill. We disagree. In this case, the intentional act was to play with fire. The intentional damage to other personal property by means other than fire is irrelevant because the fire damage was not caused by the intentional act of property damage. We also conclude that expecting harm in the form of a small stain on the concrete window sill is insufficient to satisfy the intent to harm requirement. Some minor damage was expected when the juveniles lit the drops of gas on the concrete, but the severe damage to the building was not substantially certain to follow. *See Gouger v. Hardtke*, 167 Wis. 2d 504, 515, 482 N.W.2d 84, 89 (1992).

Because a fire destroying the building and its contents is so far removed from burning small amounts of gasoline on a concrete window sill, we conclude that the destruction of the building did not result from an intentional act as that term is used in the insurance policy.

We therefore conclude that the court erred when it applied the principles of fortuity to preclude Prosser from recovering under the insurance policy. We reverse the trial court's judgment dismissing Prosser's complaint and remand this case to the trial court with directions to enter judgment in favor of Prosser in such amount as is ultimately determined.

*By the Court.*—Judgment reversed and cause remanded with directions.