Michael D. BECKER, a minor by his Guardian ad Litem, Robert J. Kasieta, Plaintiff-Respondent,

DEAN HEALTH PLAN, Subrogated-Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant,

1ST AUTO & CASUALTY COMPANY, Defendant-Appellant,†

ALL NATION INSURANCE COMPANY, Defendant-Respondent.

Court of Appeals

*No. 97–1845. Submitted on briefs March 9, 1998.—Decided May 28, 1998.*

(Also reported in 582 N.W.2d 499.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Arnold P. Anderson* of *Mohr & Anderson, S.C.* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Robert A. Pretto* of Madison.

Before Eich, C.J., Dykman, P.J., and Deininger, J.

DYKMAN, P.J.   1st Auto & Casualty Insurance Company appeals from a judgment awarding damages to Michael Becker, who was injured in a single-car accident while a passenger in an automobile driven by Ryan Holzhueter. 1st Auto had issued an insurance policy to Holzhueter's parents. 1st Auto contends that public policy considerations preclude coverage because Becker and Holzhueter were involved in the commission of a crime at the time of the accident. We conclude that coverage is not precluded by public policy. Accordingly, we affirm.

## BACKGROUND

Theodora Margelofsky was sleeping at approximately 10:00 p.m. on February 24, 1995, when her tenth-grade sons, Nicholas and Nathan, took her car from the driveway without her permission. They picked up Michael Becker, a ninth grader, at his home, and then picked up Ryan Holzhueter and two other

boys at Holzhueter's home. None of the six juveniles had a driver's license.

After driving around for a while, the boys decided to break into a gas station to steal some alcohol. Holzhueter stayed in the driver's seat, and the other five boys took beer and liquor from the gas station and put it in the trunk. They got back in the car, and Holzhueter drove away.

The boys decided to take the alcohol to Holzhueter's house. The boys planned to have a party there because Holzhueter's parents were out of town. On the way to his house, Holzhueter decided to drive through a stop sign at a high rate of speed and jump through the intersection. As the car approached the stop sign, Holzhueter turned off the headlights, but turned the lights back on just prior to reaching the intersection. The car became airborne and went out of control upon landing. Several of the boys, including Becker, were injured, and Holzhueter was killed.

Becker brought suit against 1st Auto, with whom Holzhueter's parents had an insurance policy.[1] 1st Auto moved for summary judgment, arguing that public policy considerations precluded coverage. Becker also asked the trial court to grant summary judgment in his favor on the coverage issue. The trial court denied 1st Auto's motion and granted Becker's motion, concluding that coverage was not precluded by public policy. The parties then stipulated that a money judgment would be entered in Becker's favor.

---

[1] Becker also brought suit against State Farm Mutual Automobile Insurance Company and All Nation Insurance Company, both of which are not parties to this appeal.

## DISCUSSION

1st Auto does not contend that any specific language in its policy excludes coverage; instead, 1st Auto argues that coverage was precluded by public policy. The parties do not dispute the material facts; therefore, only a question of law remains. Whether an insurance policy covers the actions of the insured is a question of law that we review *de novo*. *Jacobs v. Karls*, 178 Wis. 2d 268, 273, 504 N.W.2d 353, 355 (Ct. App. 1993).

1st Auto argues that coverage is precluded by the principle of fortuity, also known as the principle of fortuitousness. The principle of fortuity was adopted by the supreme court in *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 326 N.W.2d 727 (1982). The court explained the principle as follows:

> [Under] the "principle of fortuitousness," . . . insurance covers fortuitous losses[,] and . . . losses are not fortuitous if the damage is intentionally caused by the insured. Even where the insurance policy contains no language expressly stating the principle of fortuitousness, courts read this principle into the insurance policy to further specific public policy objectives[,] including (1) avoiding profit from wrongdoing; (2) deterring crime; (3) avoiding fraud against insurers; and (4) maintaining coverage of a scope consistent with the reasonable expectations of the contracting parties on matters as to which no intention or expectation was expressed.

*Id.* at 483–84, 326 N.W.2d at 738.

1st Auto argues that the principle of fortuity precludes coverage in this case because both the plaintiff and the insured were involved in criminal activity at

the time the injuries occurred. 1st Auto contends that this case is analogous to the following three cases in which the court concluded that coverage was precluded on public policy grounds: *Hagen v. Gulrud*, 151 Wis. 2d 1, 442 N.W.2d 570 (Ct. App. 1989), *Ramharter v. Secura Ins.*, 159 Wis. 2d 352, 463 N.W.2d 877 (Ct. App. 1990), and *Jessica M.F. v. Liberty Mut. Fire Ins. Co.*, 209 Wis. 2d 42, 561 N.W.2d 787 (Ct. App. 1997).

In both *Hagen* and *Jessica M.F.*, the plaintiff's injuries were caused when the plaintiff was sexually assaulted. We concluded that the defendants' insurance policies did not provide coverage because coverage for injuries caused by a sexual assault is not within the reasonable expectations of the insured. *Hagen*, 151 Wis. 2d at 7, 442 N.W.2d at 573; *Jessica M.F.*, 209 Wis. 2d at 57, 561 N.W.2d at 794.

In *Ramharter*, the plaintiff suffered emotional distress when he witnessed a murder-suicide committed by the insured. We concluded that "no reasonable person would expect an automobile or homeowner's insurance policy to provide coverage for a bystander's emotional distress resulting from witnessing the insured's intentional commission of a murder-suicide." *See Ramharter*, 159 Wis. 2d at 354, 463 N.W.2d at 878.

The present case is distinguishable from *Hagen*, *Ramharter* and *Jessica M.F.* Becker's injuries were caused by the insured's reckless driving. Unlike injuries caused by the intentional acts of murder and sexual assault, we believe that insurance coverage for injuries caused by reckless driving is within the reasonable expectations of the contracting parties to an insurance contract. In fact, § 632.32(6)(b)4, STATS., prohibits insurers from excluding coverage on the grounds that a vehicle was being used in a reckless manner.

1st Auto contends that the boys were involved in criminal activity other than reckless driving at the time of the accident, such as operating a motor vehicle without a license, using a vehicle without the owner's permission and transporting stolen beer and liquor. But there is no evidence that any of these other illegal activities caused the injuries for which Becker seeks compensation. When the supreme court adopted the principle of fortuity, it did not conclude that public policy prohibits coverage at any time that the insured is involved in the commission of a criminal act. Instead, the court specifically included the element of causation in its definition of the principle. The court concluded that under the principle of fortuity, insurance does not cover losses that are "intentionally *caused* by the insured." *Hedtcke*, 109 Wis. 2d at 483–84, 326 N.W.2d at 738 (emphasis added).

The fact that Holzhueter did not have a driver's license does not constitute a cause of the accident. *See Westfall v. Kottke*, 110 Wis. 2d 86, 105, 328 N.W.2d 481, 491 (1983). The police were not chasing the boys as a result of their theft of liquor from the gas station. And the boys were not racing home to return the vehicle before it was found to be missing. Because Becker's injuries were caused by Holzhueter's reckless driving, not by Becker's or Holzhueter's other criminal acts, the trial court properly concluded that the principle of fortuity does not preclude coverage in this case.

We believe that this case is more analogous to *Prosser v. Leuck*, 196 Wis. 2d 780, 539 N.W.2d 466 (Ct. App. 1995), than to the cases cited by 1st Auto. In *Prosser*, Richard Leuck and two other minors broke into a warehouse and intentionally damaged property inside the warehouse. They then found a gasoline can,

a lighter and a small plastic bottle. After they filled the bottle with gasoline, they poured a couple drops of gasoline on a concrete window sill and ignited them. When one of the minors sprinkled more gasoline onto the fire, the rising flames burned his hand. He dropped the bottle, and Leuck kicked the burning bottle down a hole in the floor. The fire spread quickly, causing extensive damage. *Id.* at 783, 539 N.W.2d at 467.

The owner of the warehouse brought suit against Leuck's insurer.[2] The insurer contended that the principle of fortuity precluded coverage. We disagreed, concluding that "[t]hirteen-year-old Leuck's act of playing with fire is far removed from the intentional criminal acts of sexual assault and murder." *Id.* at 786, 539 N.W.2d at 468. We concluded that the principle of fortuity did not preclude coverage notwithstanding the fact that Leuck intentionally broke into the warehouse without the owner's consent and intentionally damaged property inside the warehouse. We stated: "In this case, the intentional act was to play with fire. The intentional damage to other personal property by means other than fire is irrelevant because the fire damage was not caused by the intentional act of property damage." *Id.* at 787, 539 N.W.2d at 469.

Like Leuck's actions, the acts of Becker and Holzhueter are far removed from the acts of sexual assault and murder. And like Leuck, Becker and Holzhueter's intentional criminal acts were not the cause of the damages claimed from the insurer. Accordingly, we follow *Prosser* and conclude that the principle of fortuity does not preclude coverage in this case.

1st Auto also argues that the negligence of Holzhueter in the operation of the motor vehicle should

---

[2] Leuck was an insured under his parents' homeowner's policy.

be imputed to Becker. 1st Auto relies primarily on an 1866 Wisconsin case: *Zulkee v. Wing*, 20 Wis. 429 [\*408] (1866), and two out-of-state cases: *Virginian Ry. Co. v. Underwood*, 146 S.E. 277 (Va. 1929), and *Franco v. Vakares*, 277 P. 812 (Ariz. 1929).

These three cases addressed the respective liabilities of multiple negligent parties, not whether public policy precluded insurance coverage. And the law of negligence in Wisconsin and other jurisdictions has changed considerably since these cases were decided. *See, e.g., Sorge v. Nat. Car Rental Sys.*, 162 Wis. 2d 622, 626, 470 N.W.2d 5, 7 (Ct. App. 1991), *aff'd,* 182 Wis. 2d 52, 512 N.W.2d 505 (1994). 1st Auto does not convince us that these three old cases that have nothing to do with insurance coverage dictate the outcome in this case. Therefore, we reject 1st Auto's argument.

*By the Court.*—Judgment affirmed.